## MICHAEL DORR

### *vs.*

## JOHANN STEICHEN, *et al.*

Brauch, one of the defendants, by an oral agreement sold to plaintiff one hundred and sixty acres of land. He had not then the title to one forty acre tract, but the agreement was that he should give a warranty deed with full covenants of the one hundred and twenty acres, and a like deed of the other as soon as he obtained a deed thereof from the railroad company, in whom he represented that the title was, and from whom he represented that he would shortly obtain said deed; and the plaintiff on his part was to make a part payment in cash, and secure the balance. In pursuance of said agreement the defendant, Brauch, executed and delivered to plaintiff a deed with full covenants of all the land, and at the same time, and as part of the same transaction, the plaintiff executed and delivered to him notes for the said balance of the purchase money secured by a mortgage upon all the land; but the said forty acre tract was included in both deed and mortgage by mistake, and was and is wild land, of which neither party was ever in the actual possession. Afterwards the railroad com-

Dorr v. Steichen et al.

pany conveyed said tract to defendant Brauch, but neither said defendant nor the railroad company had or had ever had the title to or the power to convey the title, but the same is and always has been in the United States. The consideration for said forty acre tract was included in said notes. Plaintiff brought this action on the covenants of seizin and good right to convey in his said deed, alleging a breach thereof, by reason of the defendant Brauch's want of title thereto; to have a foreclosure by advertisement of said mortgage enjoined, and to have his damages by reason of breach of covenants applied on said notes. The defendants' answer (said foreclosure by advertisement having been abandoned by stipulation), alleged that said forty acre tract was inserted in said deed by mistake, and prayed that it should be reformed, by striking the same therefrom, and that the court should decree a foreclosure of said mortgage for the amount due thereon. The plaintiff's reply denied that said tract was inserted in said deed by mistake. The district court, upon the foregoing facts found as conclusions of law, that both deed and mortgage should be reformed by striking said tract therefrom; that plaintiff was entitled to have the value thereof with interest since the dates of said notes offset against his indebtedness thereon, and that the mortgage so rectified should be foreclosed for the balance due. *Held*, that to the value of said forty acre tract there was a want of consideration for said notes; that, though by the reformation of the deed, plaintiff's right to recover damages was gone, yet as defendants in asking for such reformation and said foreclosure were seeking equitable relief, the court was not obliged to grant it, except on such terms as would do entire justice to both parties, and, therefore, might allow plaintiff the value of said land as aforesaid, and reform the mortgage, though, as to any mistake, in respect thereof, there was no issue made by the pleadings.

The sufficiency of the evidence to support the findings of the court in matters of fact considered and determined.

Said stipulation for the abandonment of said foreclosure by advertisement provided that plaintiff should pay the costs of such foreclosure, the same to " abide the event of the suit." The district court found as a conclusion of law, that defendants should pay them. *Held*, that the court could not control the stipulation of the parties; that the defendants were the prevailing party in said suit, and said finding was erroneous.

The plaintiff bought of Peter Brauch, one of the defendants, one hundred and sixty acres of land, received a deed therefor, and executed notes and a mortgage on the premises to secure

the unpaid portion of the purchase money. Brauch transferred the notes and mortgages to the defendant Steichen, who commenced foreclosure proceedings by advertisement thereon. The plaintiff claiming that there was a breach of the covenants in said deed by reason of a want of title in the grantor to forty acres of land described therein, and that the defendant Steichen was not a *bona fide* holder of said notes and mortgage for value, brought the suit against Steichen, Brauch, and the sheriff of the county, to enjoin said foreclosure, and have his damages by reason of such breach of the covenants of said deed, applied in payment of said notes. It was stipulated that the foreclosure proceedings be abandoned, the costs incurred thereon to be advanced by the plaintiff, and to abide the event of the suit.

The answer alleged that the said forty acre tract was inserted in the deed by mistake, asked that the same be reformed by striking out the tract, and that the court decree a foreclosure of the mortgage for the amount due thereon.

The reply in regard to that portion of the answer containing this allegation denies " each and every allegation, matter, fact, and thing therein contained, save as hereinbefore admitted or qualified," and contains no admission or qualification in respect thereto; and also alleges that at the time of the execution and delivery of the deed, the plaintiff understood that the deed conveyed to him title to this forty.

The cause was brought to trial before the court without a jury. The defendants moved for judgment on the pleadings, which motion was denied, and defendants excepted.

It was stipulated on the trial, that the plaintiff should be entitled by way of off-set to all damages which he might show himself entitled to by reason of the breach of covenants alleged in the complaint.

The material facts as found by the court, are, substantially,

Dorr v. Steichen et al.

that an oral agreement was entered into between the plaintiff and defendant Brauch, by which Brauch sold to plaintiff one hundred and sixty acres of land. Of this one hundred and sixty acres sold, he then had title to only one hundred and twenty acres, and the agreement was that he should give a warranty deed of the one hundred and twenty acres with full covenants of title, and a like deed of the other forty acres as soon as he should obtain a deed thereof from the First Division of the Saint Paul and Pacific Railroad Company, in whom he represented the title thereto then was, and from whom he represented he should shortly obtain such deed. The plaintiff on his part, by said agreement was to make part payment, and secure the balance of the purchase money.

For the purpose of carrying out this verbal agreement, the said Brauch executed to the plaintiff a deed with full covenants for the whole one hundred and sixty acres, and at the same time and place, and as part of the same transaction, the plaintiff executed to the defendant Brauch, notes for the unpaid balance of the purchase money, secured by a mortgage upon all the land. The said forty acre tract was put in both deed and mortgage by mistake. The plaintiff thereupon entered into possession of all of said land, and now is in the peaceable possession thereof, but has not in any manner cultivated, improved or used said forty acre tract. Afterwards the said railroad company conveyed said tract to defendant Brauch, but neither the said defendant, nor the railroad company had, or ever had the title to, or the power to convey the title, but the same is, and always has been in the United States.

The consideration for said forty acre tract was included in said notes. One of said notes for $535, and interest, was overdue at the time of the transfer to the defendant Steichen.

As conclusions of law, the court found, substantially, that both deed and mortgage should be reformed by striking there-

from said forty acre tract; that the plaintiff is entitled to have the value thereof at the date of such deed to him, with interest offset against his indebtedness on said notes, and that the mortgage so reformed should be foreclosed for the balance due; that the cost of the before mentioned proceedings to foreclose by advertisement be paid by the defendant Steichen. Judgment was ordered to be entered pursuant to such findings.

The defendants appeal to this court.

It is urged, among other things, that some of the findings of fact of the court below, are not sustained by the evidence; a sufficient statement of the evidence in relation to such findings appears in the opinion of the court.

E. O. HAMLIN, for Appellants.

HAYS & KERR, for Respondent.

*By the Court.*—RIPLEY, CH. J.—The defendants contend that the court below erred in not granting their motion for judgment on the pleadings and stipulations on file.

Under these they say, the whole cause is brought down to the single question; has there been, as plaintiff claims, a breach of the covenants of seizin and good right to convey in the deed from Brauch to Dorr of the railroad forty, so called.

This claim they say, their answer avoids by alleging that this railroad forty was inserted in the deed by mistake. This allegation they contend, is a counter-claim requiring a reply. Whether it be or not we need not consider, for we think the plaintiff is right in saying that his reply, fairly construed, denies the allegation.

So much of the answer as alleges the mistake is expressly denied in the reply, "except as hereinbefore admitted or qualified," and we discover no admission or qualification to the

Dorr v. Steichen et al.

effect that plaintiff understood that he was not to have a deed of the forty from Brauch till Brauch had received title from the railroad company, or that he received the deed from Brauch under the supposition that it did not contain said forty. Moreover, it is expressly alleged that at the time of the execution and delivery of the deed, he understood that the deed conveyed to him the title to said last named land. We think the motion for judgment was rightly denied.

The defendants next contend that the district court erred in its finding on the following matters of fact, viz.:

1. That Brauch represented the title to said forty to be in the railroad company.

The answer sets out that the company were entitled to the land under the acts of congress, and of the legislature, and that defendant Brauch was entitled to buy it of them at the minimum price under the act of March 8th, 1862, (Special Laws of 1862, ch. 20, page 247), by virtue of his settlement and occupation thereof with a view to pre-empt, (sec. 8), was in possession by permission of the company; had no other title to it, but expected to get title through the company.

In view of these allegations, and of defendant Brauch's evidence, that he told plaintiff that the forty was railroad land, that he had seen Gregory [the Land Agent of the R. R. Co.] and that "he told me he thought I would get my deed in eight days, or fourteen days, or six weeks, or two months, or a year, or two years, or three years. I would give him a deed as soon as I got it, and could not give him a deed until I got it," we think the district court is justified in its finding.

Brauch himself thought that the title was in the company. He must have meant to convey that idea to the plaintiff, and it is not conceivable that the plaintiff should have understood his language in any other way.

2d.   In finding the mortgage to be " part and portion of the same transaction" with the deed.

This refers to the finding, that in pursuance of the bargain between plaintiff and Brauch, Brauch made to plaintiff the deed mentioned in the complaint, and at the same time, and place, and as part and portion of the same transaction, plaintiff made to Branch the notes and mortgage mentioned in the answer.

The defendants say that there is no evidence that the notes and mortgage were part of the same transaction.

This finding however is supported by the admitted fact that the notes and mortgage were given to secure the purchase money of the land conveyed in the deed, and that both deed and mortgage were simultaneously executed and delivered.

3d.   That said tract was included in both deed and mortgage by mistake.

We think the defendants are right in saying that there is no issue in the pleadings as to the mortgage.

The plaintiff's case is, that the plaintiff received a deed for this tract and gave back a mortgage thereon for the purchase money ; that the land not being Brauch's to sell, his covenants of seizin and good right to convey were broken, and that he was entitled to offset his damage thereon, against the note.

The defendants answer that he is not entitled to such an offset because the insertion of said tract in said deed was a mistake.

The reply denies the mistake and asserts that both deed and mortgage are just as they were meant to be.

But upon the evidence introduced by the defendants to prove the mistake, the only possible conclusion, as it seems to us, is that the mistake was in both ; and it is on the defendants' evidence alone that the finding as to any mistake can be supported, the plaintiff's evidence being all the other way.

Dorr v. Steichen et al.

The scrivener, Zapp, says that the parties wanted him to draw a deed and mortgage ; that he asked them what land it was, and Brauch pulled out a lot of papers and showed him, that there was some talk about a railroad forty there. "I think I recollect Brauch's saying something about, he would give security, and Dorr saying he would take his word. I went on and drew the papers, and they went away."

Certainly it is very clear from this, that Brauch showed him the same land, as to be put into both deed and mortgage, and we see nothing anywhere in the defendants' evidence which conflicts with it. Brauch says he did not tell Zapp to put the tract in the deed ; that he told him he could not give a deed then. If so, Zapp was mistaken as to what land it was that was shown him as the land of which the parties asked a deed and mortgage drawn.

As the deed and mortgage were all one transaction, and the defendants are seeking to have Brauch's deed rectified, we do not understand that equity is bound to grant them such relief upon any other terms than such as would do entire justice between the parties. It was competent we think for the district court to reform the transaction throughout according to the true intent of the parties if injustice would otherwise result to the plaintiff.

But as we are of opinion as hereinafter shown, that it is immaterial in this case whether this tract be struck out of the mortgage or not, we need not pause any longer upon the point.

4th. In finding that neither the railroad company nor Brauch have, or ever had the title to said tract, or the power to convey the same by good title in fee to the plaintiff, but that the title is still in the United States.

The defendants say that if the land were, as the district court found it was, inserted by mistake in the deed, the plain-

tiff has no claim on the covenants aforesaid therein against Brauch which could be off-set against his notes.

The defendants' conclusion, however, viz.: that it is immaterial in whom the title is, does not follow from these premises.

The consideration for the land was included in the notes. To the extent of its value, if it belonged to the United States, there was no consideration for them.

Brauch's verbal sale of it would not only be void because not in writing, but if it had been reduced to writing, it could have passed to plaintiff no interest in the land of another.

The finding that plaintiff went into possession of said tract seems unsupported by proof. The land is wild, vacant and uninclosed, and the plaintiff swears that he has never used or occupied it. It would certainly seem then that he had never been in possession.

Taking possession of the rest of the land bought, in the name of the whole, would not divest the United States of its possession.

But if he *did* take possession, that would give him no interest in it under his bargain with Brauch, and the verbal sale thereof by the latter would remain no less a nullity in equity, as well as at law, than it was when made. Although, then, in the case at bar the plaintiff has no longer any claim against Brauch on the covenants aforesaid, [this tract being struck from the deed,] still if it were Brauch who was seeking to foreclose on these notes, the plaintiff would still be entitled to have the value of this tract at the time of sale [$440] deducted from the face of the notes, since as to that, they were without consideration. *Parish vs. Stone*, 14 *Pick.* 198.

Steichen his assignee seeks to foreclose.

Such offset cannot be made against him under the stipula-

tion in the case, which relates only to damages for breach of said covenants.

The first of the notes, however, now in his hands, for $535 and interest was overdue when he bought it, therefore, open to such a defence.

Nor do we think that on the pleadings there is any pretence for treating him as a *bona fide* purchaser without notice of plaintiff's claims. He bought while there was a suit pending by plaintiff against Brauch to cancel the deed and mortgage and get back the money paid on the sale, and he bought on Brauch's guaranty against said suit and all lawful claims and suits of plaintiff in respect of said notes and mortgage.

If the title is in the United States, then the value of the land might be offset as against Steichen.

And if the title is in the United States it is of no consequence whether the tract be struck out of the mortgage or not. It would be no lien on the land if it described it and purported to mortgage it. What could Steichen gain by offering to sell the land of the United States for his debt? The mortgage would be worth no more with it, than without it.

The finding as to the title is therefore material. The question recurs as to its correctness.

By the certificate of the local land officers, put in evidence by the defendants, it appears that in its final location of lands claimed by it as enuring to it under the acts of congress of March 3d, 1865, and July 13, 1866, to aid in the construction of the line of road from St. Anthony to Watab, the company includes this tract, and the officers aforesaid certify that the claim is correct.

As it is about eight miles from the line, the tract is within the express terms of the grant of March 3d, 1865, sec. 1, and there is nothing to show that it was claimed to supply deficiencies under the act of July 13, 1866. It would seem then

that the tract enured to the state by virtue of said act of. March 3d, 1865, and it appears that the state for the purpose aforesaid has granted it to the railroad company. *Special Laws of* 1865, *March 2d,* 1865, *p.* 40. *Spe. Laws of* 1866, *ch.* 1.

The United States, however, to secure the application of its gift to the object aforesaid, provides in its grant, that the land shall not be disposed of by the state except as patented to it by the United States, upon the certificates of the governor of the completion of the road in sections, as specified, in a good substantial and workmanlike manner as a first class railroad, [Sec. 7,] keeping the legal title that is in its hands as security.

The state, in its turn, to secure the same thing, affixed to its grant the limitation, that the title to the land should not vest in the company till upon certificate of the governor, as aforesaid, and thereupon that the governor should convey to the railroad. *Special Laws of* 1862, *ch.* 20, *sec.* 6 ; 1865, *p.* 40, *sec.* 2.

No proof was given of any such certificate, or conveyance, and though the land agent of the company testified that at the time of the trial, viz. : January, 1871, said road was completed to a point beyond this land, no evidence was given as to when it was so completed, or as to how much had been completed when the purchase was made in 1867. The evidence, therefore, supports the finding so far as the title of 1867 is concerned. It is quite likely that the company had perfected title to the land at the date of its deed to Brauch in August, 1869, but the deed itself proves nothing.

The land agent said, indeed, that he had promised Brauch a deed as soon as the company got its title perfect, but on cross examination, he said that it had in some instances given deeds sooner. Considering how easily, if the fact were so, the defendants might have proved that the company's title was perfect when it gave Brauch his deed, if they chose to leave that

Dorr v. Steichen et al.

in the dark, they cannot complain of the finding, that neither the company or Brauch have ever had the title and power to convey.

But supposing that at the date of the sale in 1867, the railroad company had so far completed its road that this tract was secured to it beyond contingency, we discover nothing from which it can be inferred that Brauch had any interest in or title to it whatever.

The district court does not even find that he was in possession of it.

Supposing (as to which we give no opinion) that sec. 8 of said act of March 10th, 1862, is applicable to lands granted by the act of congress of March 3d, 1865, by virtue of said sec. 2 of said act of March 2d, 1865, section 8 aforesaid provides that all persons and their assigns, who in good faith settled upon any of the lands to which it refers at or prior to the time when the line of said road was definitely fixed and located, with a view to pre-empt, and who have continued to occupy the same, shall be at liberty to purchase said land at $2.50 per acre, if within the six mile limits, and at $1.25, if without.

No proof is offered of the first requisite, viz.: a settlement at or before the location of the line, nor any of the next, viz.: a continued occupancy thereafter. Then, too, this is wild land. Wild land it could not be, in the nature of things, if Brauch had settled upon it in good faith, with a view to pre-empt, and had continued to occupy it since.

His testimony that he settled upon it as government land, and filed on it under the pre-emption law, cannot make out a claim under sec. 8, to a piece of wild land.

He claimed, indeed, it appears, of the railroad company the right to purchase it under said act. If it recognized his claim, as its agent says it did, such recognition was either gratuitous,

or in ignorance of the facts, and relying upon his representation. The latter was probably the case, for the land agent knew nothing personally of the land; and though he says the company allowed Brauch to buy it at the given price under said act, that would have been but fifty dollars, whereas the consideration named in the deed is one hundred dollars, so that there is room for doubt as to whether the company did in fact recognize Brauch as rightfully entitled under said law.

However, that may be, there was certainly no proof that, even supposing that the company owned the land when he undertook to sell it to plaintiff, he himself had any interest in it or claim to it whatever, although he represented and plaintiff bought on the faith of his statement, that he was entitled to a conveyance of it. Upon any possible view of the facts then there is no consideration for plaintiff's notes to the extent of the value of this tract.

Upon the whole, therefore, we discover no material error in these findings and conclusions of the district court.

There was really no sale of this tract. In justice then the plaintiff's money should be returned to him. The deduction from his note accomplishes this.

The defendant loses nothing. It is not contended that the rest of the land is not ample to discharge the balance of the mortgage debt, and as to this tract he has already all that a purchaser could give him, viz. : the land itself. In saying this, we of course consider Steichen as one in interest with Brauch, his guarantor.

This suit was commenced among other things to enjoin Steichen from proceeding with a foreclosure by advertisement. By stipulation the parties agreed that all proceedings for foreclosure should be stayed till the determination of the suit; that said advertisement and sale thereunder be abandoned,

Dorr v. Steichen et al.

the costs to be advanced by plaintiff, to abide the event of the suit.

The district court has decided that Steichen shall pay these costs.

The court, however, cannot change the agreement of the parties; that was, that the costs should abide the event of the suit. It was brought to have plaintiff's damages on said alleged breach of covenant credited on his notes and mortgage, and for judgment for plaintiff for excess of said damages over the amount justly due on said notes, as well as to enjoin said foreclosure. The foreclosure was not enjoined, but abandoned by agreement, and there is a judgment for foreclosure for the amount found due on the notes.

The defendants therefore were really the prevailing party in the district court, and by the stipulation the plaintiff should pay these costs.

With this modification the order and decision appealed from are affirmed.