JAMES M. KENNEDY IMPLEADED WITH . ISAAC N. KENNEDY
v. JOHN R. SHAW.

*Dower interest—Sufficiency of consideration—Distribution of estate.*

A widow's interest in her husband's estate is a valuable proprietary interest, practically absolute, and subject only to the contingency of debts of the estate, and she can sell it whether administered or not.

Where one who bargains for the interest of an heir, agrees also to pay the debts of the estate, he gets the full benefit of the transfer of the interest.

The sufficiency of the consideration for an honest bargain cannot be inquired into if there was any consideration of value which was not separable at the time into specific values.

An administrator cannot reclaim property taken by distributees of the estate, unless it is needed for debts.

Error to Isabella. Submitted April 15. Decided April 21.

ASSUMPSIT. Defendant James M. Kennedy brings error.

*Brown & Leaton* for plaintiff in error.

*Hopkins & Devereaux* for defendant in error.

CAMPBELL, J.  Shaw recovered judgment as indorsee of two promissory notes, amounting together to $725, made by James M. Kennedy and Isaac N. Kennedy to the order of Samantha Kennedy.  The defense interposed was want of consideration, based upon this state of facts :

The payee was widow of Robert Kennedy, a brother of the makers, who died in September, 1872.  At the time of his death he owned a third interest in a portable saw-mill, and had some other personal property and furniture.  He left no children.  In January, 1873, an administrator was appointed, but an agreement was made among the heirs to settle up the estate among themselves, and the administrator resigned.  Isaac N. Kennedy was to pay the debts of the estate and take the property

and give the widow $725 for her interest. The widow transferred all of her interest, and took in pay therefor the notes in question.

The mill was owned in partnership with other persons. The terms of the partnership, if it was in fact a partnership, are not found. The estate was all in personalty. There was a mistake concerning the extent of Robert Kennedy's interest in the partnership property, which was supposed to be two-thirds and not one-third. The administrator took part in bringing about the sale, and was present at it and allowed the purchaser to take possession of the property. The widow gave the administrator a discharge of all claims against the estate on behalf of himself and all others. The purchaser had examined into his brother's interest, and satisfied himself, and claimed to know what it was. There was no fraud in any one.

In 1875 one Brown was appointed administrator *de bonis non*, but it does not appear any one asked for his appointment, and he never reported. He undertook to sell Robert's interest to an uncle, one Samuel Kennedy, for $200, the mill having burned down. The other partners never assumed any control over Robert's interest, and Isaac remained in possession until the mill was burned.

We have stated most of the facts found, although many of them are of no importance. The defense is absence and failure of consideration on the ground that the partnership owned the joint property and the administrator the rest, and no title passed.

The parties knew precisely what they were doing, although there may have been a mistake as to the extent of Robert's interest in the mill. The interest of the widow was a valuable proprietary interest, which she could sell, whether administered or not. At least a portion of the property she was entitled to against every one, and it was not subject to debts. But whether coming to her directly or through the hands of the administra-

tor, all of her interest was practically absolute, subject only to the contingency of debts, and as Isaac undertook to pay these, he could get the full benefit of the transfer. As a matter of fact the administrator consented to the delivery, and could not thereafter reclaim the property unless needed for debts, and it could only be so needed on Isaac's own default. See *Proctor v. Robinson* 35 Mich. 284; *Sutphen v. Ellis* 35 Mich. 446; *Eberstein v. Camp* 37 Mich. 176.

If there was any consideration of value which was not separable at the time into specific values, there can be no inquiry now into its sufficiency. Parties place their own value on their purchases, and unless a bargain is rescinded, they must pay what they agree to pay. These notes were for a valuable consideration. The contract was honest and was never rescinded or abandoned. Even if it appeared, as it does not appear, that Isaac Kennedy did not get property worth all he paid for it, there is no ground on which he can now be relieved wholly or in part from his obligation, and his co-promisor stands on the same footing.

The judgment must be affirmed with costs.

The other Justices concurred.