## HELGE OLSON *vs.* CORNELIUS K. ORTON.

### May 17, 1881.

**False Representations by Vendor of Land.**—A party offering to sell his rights in certain lands, made to the purchaser fraudulent false statements that the lands included certain timber lands, upon which the purchaser relied in making the purchase. In an action for the deceit, *held*, that the seller cannot avoid the consequences of his false representations merely because the purchaser might have consulted the records of the official surveys, had the land surveyed, and thus ascertained if the boundaries included the timber land.

**Pre-emption — Abandonment of Rights in Favor of Another.**—An agreement by a pre-emptor, who has occupied and improved lands, and filed the statement of his intention to pre-empt them, to abandon his rights, his occupancy, and improvements, so that another may enter upon and pre-empt the lands, is not in violation of the pre-emption laws.

Appeal by defendant from an order of the district court for the counties of Stevens, Big Stone and Traverse, refusing a new trial, after a trial before *Brown, J.*, and a jury.

*Miller & Knappen*, for appellant.

*C. L. Brown*, for respondent.

GILFILLAN, C. J.* Action for deceit. Defendant was in possession, for the purpose of pre-empting, of certain lands of the United States subject to pre-emption, had filed in the local land-office his statement declaring his intention to pre-empt the lands, and had made improvements thereon. In November, 1876, for a valuable consideration, he sold to plaintiff all his right, title and interest in the land,

*Cornell, J., because of illness, took no part in the decision of this case.

and abandoned the same in his favor, so that he might take possession. The purpose manifestly was that defendant should surrender his possession and improvements to plaintiff, so that the latter might be in position to pre-empt the land for himself. The deceit, which is the ground of the action, consisted in false representations made by defendant, knowing them to be false, to plaintiff, who did not know the fact, to the effect that there were 35 acres of good timber growing on the land, upon which representations plaintiff relied, and by which he was induced to purchase. Plaintiff had a verdict.

None of the points made here by defendant are well taken. Only two of them need be mentioned. One of them, as we understand it, is that plaintiff had no right to rely on the representations; that the sources of information as to the fact were accessible to him; that he could have inspected the records of surveys, and had the lands surveyed, and thus ascertained their boundaries, and whether they included the timber land. The case, as to this point, comes within the decision in *Porter* v. *Fletcher*, 25 Minn. 493, in which it was held that a party offering city lots for sale, and making representations to the purchaser as to their size and location, could not impute negligence or indiscretion to the purchaser, if, relying on such representations, he did not deem it necessary to examine the plat in the office of the register of deeds. That decision disposes of the point in question.

The other point is that the transaction was in violation of section 12 of the act of congress of September 4, 1841, relating to pre-emption. U. S. Rev. St. § 2263. That section declares that "all assignments and transfers of the right hereby secured, prior to the issuing of the patent, shall be null and void." The right secured by occupancy, improvement, and filing the statement declaring an intention to pre-empt, is the right to purchase on the terms set forth in the act. This right cannot be assigned. Any attempted transfer of it is null and void. The parties here did not attempt to assign that right. There is nothing to show that defendant intended to pass, or plaintiff expected to acquire, by the transaction alone, any of the benefit or advantage which defendant had secured by his previous occupancy and filing the declaratory statement; nothing to show that they contemplated plaintiff should, or thought that he could, make

the occupancy and statement the basis of a right to pay for and receive a patent for the land, or that he could get such right except by his own occupancy and filing of a statement; that is, by himself complying with all the requirements of the pre-emption laws. The transaction was, in substance, only an abandonment by defendant of his rights, including his occupancy and improvement, so that plaintiff might have an opportunity at once to enter upon the land, and pre-empt it himself, upon the strength of his own subsequent acts. We do not see in this anything in violation of the pre-emption laws. That the abandonment was of detriment to the defendant made a sufficient consideration on his side to sustain the transaction.

Order affirmed.