STATES McCABE v. MARON F. CANER.

*Bills and notes—Pleading — Notice of fraud — Consideration —*
*Relinquishment of rights under homestead entry.*

1. Notice must be given of a proposed defense, in a suit on the promissory notes of the defendant, of misrepresentation and fraud in their procurement.
2. The relinquishment by a "homesteader" of his rights in land located under the homestead law is a good consideration for notes given to secure the payment of the price agreed to be paid for such interest.

Error to Clare. (Hart, J.) Argued November 9, 1887. Decided January 12, 1888.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*J. L. Potts* and *C. W. Perry,* for appellant.

*S. K.* and *C. F. Gates,* for plaintiff.

SHERWOOD, C. J. This is an action of assumpsit to recover the amount due on four promissory notes, each dated the thirteenth day of October, 1879, and given for $100 and interest, and made payable at the Portland bank. The last note fell due on the thirteenth day of October, 1883.

The declaration is upon the common counts, and the plea is the general issue, with notice that no consideration was given for the notes, and that the notes were made upon a contract against public policy.

The cause was tried in the Clare circuit, where the plaintiff had a verdict and judgment in his favor. Defendant brings error.

The record discloses the facts that the plaintiff had entered,

under the homestead law of the United States, a parcel of land in Clare county subject to such entry, and received a certificate of entry from the land-office; that the notes in question were given by the defendant to the plaintiff upon the agreement of the plaintiff that he would surrender his certificate of entry to the government, and would relinquish all of his interest thereunder to the government, at the request of the defendant, to enable the defendant to locate said land, and acquire the interest of the plaintiff therein; and such was the sole consideration given for said notes.

It further appears from the testimony of the defendant, which was objected to by plaintiff, that he did surrender his homestead entry certificate back to the government; that it was more than six months after the entry before plaintiff made any settlement or established his residence upon said land; and he further gave testimony tending to show that plaintiff did not locate said land in good faith as a homestead; that he made no improvements upon the land or cultivated the same, or made the same his home; that at the time the plaintiff took the notes, and "relinquished his claim, and surrendered his said homestead entry certificate back to the United States, he was not residing upon said land."

That at the time the notes were given, the plaintiff represented, and the defendant believed, that the surrender of the certificate would "insure the defendant's being able to locate said land as a homestead; that said defendant took said relinquishment to the United States Land-office at Reed City, where he delivered the same to the register in charge, and duly located said land in his own name, residing thereon the required time, made final proof, and took out the patent therefor to himself, and the title still remains in the defendant.

That just prior to the making and delivering of said notes in question, steps had been taken by one David, under the United States statute, to have the plaintiff's entry canceled.

by the government, on the same grounds heretofore set forth, and after hearing thereon the government sustained the entry of the plaintiff herein. The defendant herein was present during said hearing, and waited till the same was decided by the government, when he procured the relinquishment, as aforesaid.

No evidence appears to have been offered on the part of the plaintiff in rebuttal. When defendant closed his testimony, and after hearing counsel, Judge Hart directed the verdict of the jury.

We have no doubt about the correctness of this direction upon the defendant's own showing.

The testimony of the misrepresentation and fraud was not admissible under the pleadings, and has no rightful place in the case, and should have been excluded when objected to.

The plaintiff performed his agreement, as the testimony shows, and it was a legal one. The government had not found fault with the plaintiff's conduct in the premises, at the time the notes were given; and the testimony tends to show that it stood ready to recognize the homestead rights he surrendered for the notes, and they were a legal consideration therefor. Really, the government's right to forfeit the plaintiff's entry, if such were the case, had nothing to do with the case. If such right existed as claimed, the government could enforce it or not, as it chose. The plaintiff's relinquishment of his right in the premises was a good consideration for the notes. *Olson v. Orton*, 18 Minn. 36 (8 N. W. Rep. 878); *Thompson v. Hanson*, Id. 484 (11 N. W. Rep. 86); *Lamb v. Davenport*, 18 Wall. 307; *Myers v. Croft*, 13 Ill. 291; *Whitney v. Buckman*, 13 Cal. 563; *Sanford v. Huxford*, 32 Mich. 318; *Rood v. Jones*, 1 Doug. 188.

The judgment must be affirmed.

CHAMPLIN and MORSE, JJ., concurred. CAMPBELL, J., did not sit.