G. C. HARDESTY *et al.* v. JOHN C. SERVICE.

CONTRACT — *Sufficient Consideration.* The relinquishment of a right to a homestead entry on public land, and the dismissal and withdrawal of a written protest against the final proof of another, is a good and valid consideration in a written instrument for the payment of money.

*Error from Scott District Court.*

THE opinion states the facts. Judgment for plaintiff *Service,* at the May term, 1888. The defendants, *Hardesty* and others, bring the case to this court.

*L. Nebecker,* and *Ward & Mead,* for plaintiffs in error.

*Morse & Hubbell,* for defendant in error.

Opinion by SIMPSON, C.: Service sued the plaintiffs in error on the following contract in writing, to wit:

"STATE OF KANSAS, COUNTY OF SCOTT, *ss.*: This contract witnesseth, that whereas, John C. Service, of said county and state, has made a homestead entry upon the following tract on land lying in Wichita county, Kansas, to wit: The south half of the northwest quarter and the northwest quarter of the northwest quarter of section 24, and the southwest

quarter of the southwest quarter of section 13, west of the 6th P. M., and has a protest against the final proof of William H. Montgomery on and to said land, under which a hearing is set for August 25, 1887, at the Wakeeney land office, Wakeeney, Kansas, to settle a question of conflict of right to same; it is agreed, to and in consideration of the said Service furnishing G. C. Hardesty, or delivering at Wichita County Bank, of Leoti, on or before August 25, 1887, a relinquishment of his homestead entry, and a written withdrawal and dismissal of said protest and hearing, then the subscribers hereto, as principal and security, agree to pay said Service the sum of $5,000 on or before September 15, 1887.

"Dated this 4th day of August, 1887.

GUE C. HARDESTY.
MILTON BROWN.
D. F. HALL.
T. W. PELHAM.
KATE PELHAM."

Service alleged performance on his part, and demanded judgment. The plaintiffs in error demurred to the petition for the reason that it did not constitute a cause of action, the pith of the demurrer being that there was no consideration for the agreement, the contract itself and the petition on its face showing the fact that Service had no possessory right in the land, had nothing to sell, and could transfer nothing to the plaintiffs in error. This demurrer was overruled, and this is the first error assigned. The plaintiffs in error then filed an answer, setting up as an affirmative defense that Service confederated with one Johnson and McConville to secure the contract, by falsely inaugurating a contest on the homestead entry of W. H. Montgomery to the land described in the entry, when they had no legal right to make such a contest; that Service never had any valuable interest in the land; that at the time the contract was entered into the title to the land was in the United States, and that the contract was void for that reason. Service filed a reply, and the case went to trial to the court. The plaintiffs in error demurred to the evidence of Service, but the demurrer was overruled, and this is the second assignment of error. This raises the same ques-

tion as the demurrer to the petition. Before the trial, Mrs. McConville, to whom Service had assigned a one-half interest, less $500, in the contract, and who was joined as plaintiff, dismissed the action so far as her interest was involved, she having received payment or satisfaction of her claim. The plaintiffs in error produced their evidence, and a demurrer by Service was sustained to their evidence. This constitutes the third assignment of error.

During the trial the plaintiffs in error tried to prove that Service was never in the actual possession of the land, had never made or caused to be made any improvements on said land; this was overruled, and objected to. Witnesses on the stand were asked to state what settlement Service had made, if any. These questions were objected to and sustained. A witness was asked what Service had ever done on said land, or any part thereof, and the objection to the question was sustained. The plaintiffs in error stated that they expected to prove by witnesses on the stand that Service never made any settlement on said land, never improved the same, and never had any interest in the same, but the trial court would not permit them to examine the witnesses as to these facts. All these rulings are assigned as errors.

The trial court found for the plaintiff below, and rendered a judgment in his favor for $2,750 and costs. The case is here for review.

All these rulings recited go to the same subject or general objection. The demurrer to the petition, the demurrer to the evidence, and their various offers to prove that Service was never in the actual possession of the land, had never made or caused to be made any improvement thereon, etc., all raise but one question, and that is the illegality of the contract. We think that the case of *McCabe v. Caner*, 68 Mich. 182, is on all fours with the case at bar, and is decisive of this question, and fully establishes that the relinquishment and withdrawal of the protest was and is a good consideration for the contract sued on. That case cites as supporting it, *Olson v. Orton*, (Minn.) 8 N. W. Rep. 878; *Thompson v. Hanson*, (Minn.) 11

id. 86; *Lamb v. Davenport,* 18 Wall. 307; *Myers v. Croft,* 13 id. 291; *Kennedy v. Shaw,* 43 Mich. 359, and other Michigan cases.

The case finds strong support in our own reports. The cases of *Lapham v. Head,* 21 Kas. 332; *Moore v. McIntosh,* 6 id. 39; *Bell v. Parks,* 18 id. 152; *Fessler v. Haas,* 19 id. 216, all affirm that contracts about the possession, improvements and relinquishment of rights of public land, when free from fraud, can be enforced, and constitute a good consideration. This disposes of the main question in the case, and the nature of the other questions urged by the plaintiffs in error makes a prolonged discussion unnecessary. A continuance rests largely in the discretion of the trial court, and we think proper diligence was not shown. There was not sufficient proof of a conspiracy to defraud. Besides, plaintiffs in error received exactly what they contracted for, they having made the contract with open eyes, and with every opportunity to know the facts. So far as the record shows, we think substantial justice has been done.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.