Bridget Purcell v. Charles V. Lang and Samuel Walters, Appellant.

Public Lands: LAND WARRANT ENTRY: *Dower.*  Where a married man moved on certain public lands, and entered the same under a land warrant, the dowable interest of his wife attached, which could not be defeated except by conveyance or other execution or judicial sale, and the mere fact that a patent did not issue unt after the husband alone had conveyed away the land is immateria

SAME: *Preemption.*  Where a husband preempted land and paid fo it by a land warrant, his wife acquired a dowable interest in the land which could not be taken away by a conveyance made by her husband alone.

*Appeal from Howard District Court.*—Hon. A. N. Hobson, Judge.

SATURDAY, APRIL 8, 1899.

SUIT in equity in which plaintiff seeks to recover her distributive share of certain real estate said to have been owned by her deceased husband.  Decree for plaintiff and defendant appeals.—*Affirmed.*

*C. C. Upton* for appellants.

*H. T. & C. W. Reed* for appellee.

DEEMER, J.—Plaintiff claims that her deceased husband, Joseph Purcell, pre-empted the land in controversy in 1855; that he afterwards transferred the land to one Solon M. Langworthy by a deed in which she did not join, and that she has never relinquished her interest therein, nor has the same been sold by execution or judicial sale against her husband; that defendants hold title to the lands by certain mesne conveyances from Langworthy, who furnished the consideration therefor, and that he (the husband) purchased the land from the general government in the year 1857, and paid for the same by a military bounty land warrant issued to one John King, by him assigned to Purcell (the husband), and by Purcell to Langworthy, on March 20, 1857; that, at the time the land was purchased, Langworthy was the owner of the warrant; and that plaintiff's husband never had any title to the land. Some matters material to the determination of this controversy are admitted, or established, by undisputed evidence. They are as follows: Plaintiff and her husband moved upon the land in question in the year 1855, and lived there, for a time at least, prior to the sale to Langworthy, April 20, 1857, and the records of Howard county show that the same were entered by Joseph Purcell April 20, 1857, land warrant No. 31,406. This land warrant was issued to John King, teamster, Q. M. Department, Ohio militia, Florida war, on the eighth day of July, 1856. It bears an assignment from King to Purcell dated March 5, 1857. The following certificate of location also appears in the record:

"Military Bounty Land Act of March 3, 1855. Register's Office. *Osage, April 20, 1857.* Military land warrant No. *31,406* in the name of *John King,* has this day been located by *Joseph Purcell* upon the *northwest* quarter of section *33* in township *98 N.,* of range *12 W.,* subject to any pre-emption claim which may be filed for said land within forty days from this date. *Jas. D. Jenkins,* Register.

"Contents of tract located, *160* acres.

"Pre emption Act *1841*."

On the back of this certificate is the following assignment:

"For value received, I, *Joseph Purcell* (*deeded J. N. & H. W. Hart, May 4, 1858*), to whom the within certificate of location was issued, do hereby sell and assign unto *Solon M. Langworthy,* and to *his* heirs and assigns forever, the said certificate of location, and the warrant and land therein described, and authorize *him* to receive the patent therefor. Witness my hand and seal this *20th* day of *March, 1857. Joseph Purcell.* [Seal.] Attest: *M. F. Patterson.*

"State of *Iowa,* County of *Mitchell.* On this *20th* day of *March, 1857,* before me personally came *Joseph Purcell,* to me well known, and acknowledged the foregoing assignment to be *his* act and deed. And I certify that the said *Joseph Purcell* is the identical person to whom the within-named warrant was issued. *Witness my hand and seal.* [Seal.] *S. B. Chase, Notary Public.*"

The italics in each instrument indicate the part that was in writing.

We also find the following receipt with the application of Joseph Purcell, and also the certificate of the register and receiver of the land office attached:

"Military Bounty Land Act of March 3, 1855. Land warrant No. 31,406. Register and Receiver's No. 8,318. Land Office, Osage, *April 20, 1857.* We hereby certify that the attached military bounty land warrant No. 31,406 was on this day received at this office from *Joseph Purcell,* of *Howard* county, and state of Iowa. *Jas. D. Jenkins,* Register. *A. K. Eaton,* Receiver.

"I, *Joseph Purcell,* of *Howard* county, state of *Iowa,* hereby apply to locate, and do locate, the *northwest* quarter of section No. 33, in township No. 98 *north,* of range No. 11 *west,* in the district of lands subject to sale at the land office at *Osage,* containing *160* acres, in satisfaction of the attached

warrant numbered *31,406*, issued unler the act of March 3, 1855. Witness my hand this *20* day of *April*, A. D. 1857. *Joseph Purcell*. Attest: *Jas. D. Jenkins,* Register. *A. K. Eaton,* Receiver.

"I request the patent to be sent to ————.

"Land Office, Osage, April 20, 1857. We hereby certify that the above location is correct, being in accordance with law and instructions. A. K. Eaton, Receiver. Jas. D. Jenkins, Register."

A patent was issued for the land by the general government to Joseph Purcell in February of the year 1860, pursuant to his entry or purchase in April, 1857. This patent was sent by the commissioner of the general land office to J. L. Langworthy & Bros., of Dubuque, Iowa, of which firm Solon M. Langworthy was a member. On April 20, 1857, Joseph Purcell conveyed the land by warranty deed to Langworthy for the expressed consideration of two hundred and eighty dollars.

Appellee contends that the assignment to Langworthy appearing on the back of the certificate of location under date of March 20, 1857, must have been made at a later date than the one named, for the reason that the certificate itself was not issued until April 20th of that year, and that, if this be not true, an assignment issued prior to the time of the completion of the purchase is void under section 2263 of the Revised Statutes of the United States. She further insists that the lands were pre-empted by her husband, and that the land warrant was accepted by the general government in payment of the land. She further insists that the land warrant was accepted in payment for the land, that it was not assigned until after the purchase was complete, and that she is entitled to her distributive share because she did not join in the deed to Langworthy. Some question is made as to the manner in which Purcell located the land. Plaintiff testifies that he acquired a pre-emption right, and some of the papers to which we have referred seem to sustain the claim. But there is

also much to be said in favor of the proposition that he located under the land warrant only, and had or made no claim to pre-emption right. We do not think it necessary to determine the truth with reference to this matter, although we incline strongly to the belief that the land was located under the warrant, and not in virtue of any pre-emption claim. The controlling question in the case is, when was the assignment of the pre-emption right or of the land warrant in fact made? It seems to us there can be no question that it was not made until after the certificate of location was issued, for the assignment is of the certificate of location, the warrant, and the land. This must have been on or after April 20, 1857. There is no evidence of any other assignment than the one to which we have referred, and it is very plain that this could not have been executed on March 20, 1857, for that was prior to the time the certificate of location was made. As soon as Joseph Purcell effected the purchase of the land, plaintiff had a dowable interest therein which could not be defeated except by conveyance or through execution or judicial sale; and the mere fact that a patent did not issue until after the conveyance to Langworthy is wholly immaterial. *Wirth v. Branson,* 98 U. S. 118; *Stinson v. Geer,* 42 Kan. 520 (22 Pac. Rep. 586); *Key v. Jennings,* 66 Mo. 356. If it be conceded that Purcell pre empted the land and paid for it by the land warrant, the result is the same, for there is no evidence whatever that the land warrant was assigned before its acceptance by the general government in payment for the land. That acceptance was made on the twentieth day of April, 1857. We are confirmed in this conclusion by the fact that, if Purcell pre-empted the land, he was required to file an affidavit that he had not made a contract by which the title he acquired should inure in anywise to the benefit of any person except himself. His entry, if one was made, was on the twentieth day of April, 1857, and we will not presume that he committed perjury in order to sustain defendant's claim. Another

significant fact is that the deed to Langworthy recites a consideration of two hundred and eighty dollars, and there is no evidence that this was not paid. An assignment of a preemption right before payment of the purchase price which might be made with land warrant (Rev. St. U. S. sections 2277, 2278) is declared null and void by statute. Rev. St. U. S., section 2263; *Olson v. Orton,* 28 Minn. 36 (8 N. W. Rep. 878).

Defendant's claim that there was a resulting trust in Langworthy, and that the deed made to him was in execution of the trust, is largely answered by what we have already said. There is absolutely no evidence, save that to which we have referred, that Langworthy furnished the consideration for the land, and that, as we have seen, is insufficient. Plaintiff has a dowable interest in the land, to which she has made no relinquishment, and the trial court correctly ordered the admeasurement of her distributive share.——AFFIRMED.