Macy v. Sunderman, et al.

. [No. 1330, July 27, 1910.]

## A. E. MACY, Appellee, v. F. H. SUNDERMAN and WILLIAM L. HEITMAN, Appellants.

### SYLLABUS (BY THE COURT.

1. The waiver and relinquishment of a preference right to enter a certain tract of the public domain, which preference right has been obtained as the result of a contest before the United States land office, is a good and valid consideration for a note given in payment therefor.

Appeal from the District Court for Chaves County before WILLIAM H. POPE, Chief Justice. Affirmed.

R. D. BOWERS for Appellants.

The right conferred on a successful contestant for the preference right to file on public land is a personal right which cannot be transferred to another. Act May 14, 1880, sec. 2; Welch v. Duncan, 7 Land Dec. 186; Kellem v. Ludlow, 10 Land Dec. 561; Dameron v. Dingee, 29 Pac., Colo. 307; Meyers v. Croft, 13 Wall., U. S. 291, 20 L. ed. 562.

NISBET & NISBET for Appellee.

The waiving of a preference right to file on land and the giving of a relinquishment to said land back to the government, in order that the defendant might file on same, and ultimately procure the title to the land, which he otherwise could never have done is sufficient consideration to support a written promise to pay. Stubblefield v. Branson, 20 Mo. 301, 302; Palmer v. March et al., 24 N. W. 374; Thompson v. Hanson, 11 N. W. 86; Spry v. Sleepy, 15 Iowa, 411; Clark v. Shulz, 4 Mo., 147; Kellem v. Ludlow, 10 Land Dec. 561; Pellham v. Service, 26 Pac. 29; Moore v. McIntosh, 6 Kas. 32, 45; Bell v. Parks, 18 Kas. 152; Lapham v. Head, 21 Kas. 245; 32 Cyc. 1079, 1080.

### STATEMENT OF THE CASE.

The appellee brought suit in the District Court of Chaves County to enforce the payment of the balance due

on a promissory note for $600.00 signed by the appellants and payable to one Julius R. Thamsen, and by him endorsed to the appellee. A payment of $300.00 was alleged and admitted to have been made thereon in December 1905. Appellants answered denying that said note was given for a valuable consideration, and further answered, by way of new matter, that there was a failure of consideration for said note for the reason that same was given in payment of the sale of a certain preference right of homestead entry previously obtained by the appellee as the result of a contest before the United States Land Office; that in the negotiations for the sale of said preference right, Julius R. Thamsen acted as the agent of the appellee and that said note was made payable to him as such agent; that said agreement to sell was illegal and void and no consideration for said note, being an agreement and attempt to sell a personal right not subject to sale and transfer, and contrary to law and contrary to public policy.

To that part of the answer setting up new matter, the appellee demurred on the ground that such matter constituted no defense. The demurrer was sustained and the appellants refused to plead further. The court thereupon took the proofs of the appellee and rendered judgment for the appellee as prayed in the complaint.

To the action of the trial court in sustaining said demurrer and rendering judgment, the appellants duly excepted and an appeal to this court was allowed.

It further appears from the record in this case and the admissions in the briefs filed herein, that in pursuance of said agreement by the appellee to sell his preference right of entry, the appellee waived and relinquished the same to the United States.

### OPINION OF THE COURT.

WRIGHT, J.—The appellants assigned four grounds of error. They are all to the same effect, and raise but one question for this court to decide, and that is whether the waiver and relinquishment of a preference right to enter a certain tract of public domain, which preference right has been obtained as the result of a contest before the United

States Land Office, is a good and valid consideration for a note given in payment therefor.

It must be taken as established from the record and the admissions in the briefs filed herein that the agreement for the sale of said preference right of appellee was consummated by the waiver and relinquishment thereof by the appellee, to the United States. Such being the facts, upon the analogy of the decisions holding that the waiver and relinquishment of a homestead entry is a good and valid consideration for a note given in payment therefor, we must answer the question in the affirmative, and hold that a waiver and relinquishment of the preference and relinquishment of a *homestead entry* is a good and valid consideration for a note given in payment for such waiver and relinquishment.

The courts have, without exception, held that the waiver and relinquishment of a homestead entry, and also an agreement so to waive and relinquish such homestead entry, is a good and valid consideration for a note given in payment therefor. Pelham et al. v. Service, 26 Pac. 29; McCabe v. Caner, 68 Mich. 182, 35 N. W. Rep. 901; Olson v. Orton, 18 Minn. 36, 8 N. M. Rep. 878; and 32 Cyc. pages 1079-1080 and cases cited.

The reasoning of the above cited cases applies to the case at bar. In either case the possessor of such homestead or preference right in surrendering what may become, or may be at the time, an extremely valuable property right, and such surrender by the one having such right is unquestionably a valuable consideration for a note given in payment therefor.

In Dameron vs. Dingee, 1 Colo. App. 436, 39 Pac. 305, cited by the appellee, it appears that the defendant entered into an agreement with plaintiff, whereby, in consideration of money advanced by plaintiff to defendant, the defendant was to institute and prosecute in her own name, the necessary proceedings before the United States Land Office for the cancellation of a certain homestead entry, and that upon the cancellation of said homestead entry and the granting of a preference right to enter the same, to the defendant, the defendant was to waive and

relinquish all right to make entry thereof and allow plaintiff to make such entry. The contest was carried to a successful termination by the defendant and preference right to enter was duly awarded to defendant. Thereafter plaintiff made demand upon defendant to relinquish said preference right according to agreement. Defendant refused so to relinquish, and plaintiff brought suit for specific performance. Same was refused by the court.

In the case at bar there was no such contract. The only agreement is a present contract to waive and relinquish a certain preference right already obtained as the result of a previous contest. So far as the record in the case at bar shows, the appellants, at no time prior to the actual waiver and relinquishment, had knowledge of or were parties to any agreement or contract to initiate or prosecute the contest, as a result of which, appellee obtained the preference right so waived and relinquished.

The courts might well refuse to enforce such a contract as that set out in the Colorado case above cited, as contrary to public policy. It is plain upon the face of the same that the entire transaction was speculative from start to finish. No such condition exists in the case at bar, and, in the absence of fraud or misrepresentation on the part of the appellee, of which the appellants make no complaint, the waiver and relinquishment of his preference right to enter a certain tract of land by the appellee, is a good and valid consideration for a note given in payment therefor, to the same extent as the waiver and relinquishment of the homestead which the appellee could have entered under his said preference right would have been a good and valid consideration for a note given in payment therefor.

The judgment of the District Court is affirmed.