## LAIRD *v.* ASHLEY.

Motions for a new trial, or in arrest of judgment, must be made within a reasonable time, and at the term of the court at which the trial takes place.

The law primarily contemplates the disposition of motions for new trials, at the trial term, and they should never be continued, except from the necessity of the case.

The rules which the District Courts may establish, under sections 1589, 1590, and 1591 of the Code, must be prescribed, settled, and fixed, so as to become a part of the practice applicable to each case; and not an order or direction made for each and every trial or adjudication.

Where the plaintiff recovered a judgment against the defendant, at a regular term of the District Court, and afterwards, at a special term, the defendant filed a motion in arrest of judgment, and for a new trial, for alleged errors in the previous trial, to which motion the plaintiff objected, which objection was overruled, the motion sustained, and a new trial granted, for the reason, that the court had told counsel for the defendant, at the regular term, that they could have until the special term to file the motion; *Held*, That the court had no right to entertain the motion, and that the order setting aside the verdict, and granting a new trial, was erroneous.

### *Appeal from the Polk District Court.*

AT the March term, 1855, of the Polk District Court, the plaintiff recovered a judgment against the defendant, for the sum of one hundred and twenty-five dollars. At a special term, held in May afterwards, the defendant filed a motion in arrest of judgment, and for a new trial, because of the alleged erroneous rulings of the court, and because the verdict was against law and evidence. The bill of exceptions shows, that plaintiffs objected to the filing of this motion, which was overruled, for the reason, that the court had told counsel for defendant, at the March term, that they could have until the special term to file the motion. The motion being heard, was sustained, the verdict set aside, a new trial granted, and the cause continued. To these rulings plaintiffs excepted, and now assign them for error.

*J. E. Jewett*, for the appellants.

*Knapp & Caldwell*, for the appellee.

WRIGHT, C. J.—The Code provides, that motions for a new trial, or in arrest of judgment, must be made within a reasonable time, and at the term of the court at which the trial takes place, section 1808. Under this section, it is clear that this motion was too late, unless the leave, alleged to have been given counsel at the previous time, extended the time, and gave the right to be heard at the special term. Had the motion been made at the term at which the trial took place, it might regularly have been continued to the next term, for argument and decision. So, also, if it appeared that the opposite party consented to the giving of such time, they could not now complain. Or, if it was disclosed that a motion had been actually made, and had been lost or mislaid, or the clerk had omitted to make the proper entry, it would present a different question. None of these things appear; but on the contrary, it was conceded that no motion was made at the trial term, and it is allowed at the subsequent term, on the sole ground, that the judge had told defendant's counsel that they could have until that time to file such motion. Counsel may have been misled by this grant of time, and to deprive the defendant of the right to make such a motion, may operate seriously to his prejudice; but we cannot but think that such practice would be too dangerous to the rights of the parties, and too loose and uncertain in its operation, to be permitted. There should be a degree of practical certainty in all adjudications, and a time after which the rights of parties accruing on judgments rendered, should not be disturbed, except in those cases, and under those circumstances, clearly warranted by law. Our law has wisely provided, that motions of the character now before us, shall be made at the trial term. It should be a very clear case, indeed, that will warrant the entertaining of such motion after that time, for if allowed at the next term, so it might at the second, or any subsequent term; and a judgment plaintiff or defendant would never know when their legal rights were finally settled or concluded. Indeed, it

may well be doubted, whether any power exists to entertain such motion, in the absence of agreement, when made after the adjournment of the term at which the trial takes place. If after the trial, there is not sufficient time to hear and determine such motion, that need not prevent the making of it, and its continuance to the next term. In this method, the judgment could be held in abeyance, and the rights of no party improperly prejudiced. The law primarily contemplates the disposition of such motions at the trial term, and they should never be continued, except from the necessity of the case. So, also, safety to parties, and judicial certainty, imperatively requires that all such matters should appear upon the record, and not be left to memory, and the leave of court only evidenced by parol.

Suppose that in this case, the plaintiffs, after judgment, and before the special term, had proceeded to collect their judgment, or had assigned it to a third person for a valuable consideration, as they well might, for its execution was in no manner stayed, and the record shows a final judgment, how could the money be re-collected, or the rights of the assignee be affected, by setting aside the judgment, and ordering a new trial? And yet, if the court could set it aside before execution, so it might afterwards. It is claimed by the counsel, that this was a matter within the discretion of the court, and as nothing is shown to disclose that this discretion was improperly exercised, therefore the order cannot be disturbed. We are also referred to sections 1589, 1590, and 1591 of the Code, which give to the District Courts the power (by the establishment of proper rules) to supply certain defects, and to adopt such rules as may be deemed expedient, consistent with law, to carry out the purposes of the statute. To this we answer, that even if this was left to the discretion of the court, the exercise of such discretion in giving the time, should be manifested by the record, and not be left, as it was in this instance, existing alone on the verbal permission of the court. And again, we understand that the sections referred to, contemplate something established, known as a rule or rules, by which parties are to be governed,

and with reference to which, they must act, and not a mere order in and for each case.  The power there given, if discreetly exercised, in accordance with the language and purpose of the Code, might assist much (in the language of the statute) "in arriving at the prompt attainment of justice." But then such rules, must be such as are prescribed, settled, and fixed, so as to become a part of the practice, applicable to each case, and not an order or direction made for each and every trial or adjudication.

We conclude, therefore, that the court had no right to entertain this motion, and that the order setting aside the verdict, and granting the new trial, was erroneous.

Judgment reversed.