CLARK v. PERRY ET AL.

1. MOTION FOR NEW TRIAL.—If the motion for a new trial be not filed within five days after verdict, or in any event before adjournment of the term, it cannot be heard, unless prior to adjournment an extension of time has been obtained.

2. STRIKING THE MOTION FROM THE FILES, WHEN PROPER.—If such a motion be made at a subsequent term no extension of time having been granted, an order striking the same from the files is proper practice.

3. RELIEF FROM JUDGMENT WITHIN SIX MONTHS.—Section 75 of the Civil Code authorizes the court under certain specified circumstances, at any time within six months after adjournment of the term, to relieve a party from a judgment, order or proceeding taken against him through mistake, inadvertence, surprise or excusable neglect.

4. SHOWING REQUIRED WHY APPLICATION NOT MADE DURING TERM.— But before relief can be granted under this statute, after the lapse of the term at which the proceeding complained of took place, some cause satisfactory to the court or judge must be shown why the party aggrieved did not apply for the relief sought during the term.

*Appeal from District Court of Arapahoe County.*

Mr. C. W. FRANKLIN and Messrs. PATTERSON & THOMAS, for appellant.

Messrs. ROGERS & SHAFFROTH, for appellees.

CHIEF JUSTICE HELM delivered the opinion of the court.

Suit was brought by appellees in the district court of Arapahoe county to recover the purchase price of certain merchandise sold and delivered to appellant. Appellant at the time lived in Aspen. Upon service of process he employed counsel both in Aspen and Denver. An answer averring as a defense that the goods were defective and worthless and not according to contract was duly filed. A replication completed the pleadings and the cause was set for trial. After

one or two postponements for the purpose of enabling appellant to be present with his witnesses, a trial took place in his absence, no evidence being offered on his behalf. The jury returned a verdict in favor of appellees for the amount claimed.

The time for filing a motion for a new trial was not extended, nor was such motion interposed till after adjournment of the term and thirty-five days subsequent to the return of the verdict. The motion then made was stricken from the files on application of appellees and judgment entered for plaintiff.

The only assignment of error to be considered challenges the action of the court with reference to the motion for a new trial.

The statute, sec. 218 Civil Code, provides that the motion for a new trial, together with the reasons therefor and affidavits in support thereof, " shall be filed within five days after the verdict is rendered (but in any event before the adjournment of the term)," though the court may extend the time for good cause shown. The statutory language appears to be peremptory. If the motion be not filed within five days after verdict, or in any event before adjournment of the term, it cannot be heard unless prior to such adjournment an extension of time has been obtained. The language employed is free from ambiguity, and to construe it differently would be to disregard its plain import. Provisions in other states substantially similar have received the foregoing construction. *P. & I. R. R. Co. v. The State*, 23 Fla. 546 ; *The City v. Martin*, 103 Ind. 206 ; *Coveny v. Hale*, 49 Cal. 552 ; Wade on the Law of Notice, sec. 1202 ; see also, indirectly intimating the same view, *Gomer v. Chaffe*, 5 Colo. 383.

The question under consideration is, did the court have authority to hear the motion at all. It has no relation whatever to the merits of the showing made for a new trial. And while the court might have denied the motion predicating its refusal to grant a new trial upon this ground, an order strik-

ing the motion from the files is appropriate procedure.   *Gomer v. Chaffe, supra.*

Counsel for appellant insists, however, that the court below should have disregarded the technical form of the motion and have treated it as an application in pursuance of section 75 of the Civil Code.   This provision authorizes the court, under certain specified circumstances, at any time within six months after adjournment of the term to relieve a party from a judgment, order, or proceeding taken against him through mistake, inadvertence, surprise or excusable neglect.   Had the court below proceeded upon this theory of counsel, regardless of the form of the application, action favorable to appellant could hardly have followed under the statute.   In the first place, before this relief can be granted after the lapse of the term at which the proceeding complained of takes place, some cause satisfactory to the court or judge must be shown why the party aggrieved was unable to apply for the relief during such term.   We scan the motion before us, and the affidavits filed in support thereof, in vain for anything designed to meet this particular requirement of the statute.   For aught that appears in the record, appellant might have made his application before the end of the term during which the verdict was rendered.   But in the second place, the affidavits mentioned do not in our judgment set forth sufficient facts, otherwise, to show that the verdict was rendered against plaintiff through a mistake or inadvertence on his part, or that he was surprised thereby, or even that his absence at the final hearing could be fairly attributed to excusable neglect.

We shall decline to interfere, and the judgment is accordingly affirmed.

*Affirmed.*