FISHELL v. GRAY, RECEIVER.

| 60 | 5 |
|---|---|
| 57e | 341 |
| 60 | 5 |
| 64 | 35 |
| 60 | 5 |
| 65 | 257 |
| 65 | 260 |
| 65 | 261 |

1. Where there are several considerations and one of them is an illegal promise to refrain from a particular business, the presence of such illegal stipulation will not illegalize the entire contract.
2. Such stipulation will be treated as unenforceable and not as immoral or criminal.

---

On contract. On rule to show cause.

Argued at November Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL GARRISON and LIPPINCOTT.

For the plaintiff, *Guild & Lum*.

For the defendant, *Hayes & Lambert*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. A sealed agreement is the basis of this suit. The parties to the deed were the plaintiff, Fishell, and the United States Credit System Company, a corporation that has become insolvent and is now represented by Gray as receiver. By this instrument the plaintiff assigned to the company just designated the good will of a large and

valuable business for the insurance of merchants against losses, which he had carried on and established, together with certain personal property, and, in addition, stipulated as follows, viz. :

"*Fourth.* That the said party of the second part, for the consideration aforesaid, hereby agrees not to interest himself or engage in or have others interest themselves for his benefit or in his behalf in any manner, in any company, corporation or firm whose business is that of guaranteeing merchants or others against loss in business, and should the said party of the second part violate his agreement in this paragraph contained, the payments agreed to be made to him in the third paragraph of this contract are to thereupon cease and to be forfeited forever thereafter."

The action is brought to recover the moneys agreed to be paid by the company in return for the transfer above mentioned and the covenants contained in the agreement on the part of the plaintiff. The jury, under the instructions of the court, found for the plaintiff, and the motion now is to set aside that verdict.

The principal contention against a recovery on the deed in question argued and discussed in the brief of the counsel of the defendant is that the agreement in suit is illegal and void by reason of the stipulation above recited, to the effect that the plaintiff would not in any wise engage in the insurance business whose good will was transferred to the credit system company. The proposition posited is that as this part of the consideration for the defendant's promise is illegal, the entire contract falls and that no part of it can be enforced. In support of this position a number of authorities are cited, some of which sustain it. The rule is generally laid down by the text-writers, in treating of the effect of an illegal element in the consideration of contracts, in terms so general that it embraces the class of stipulations which provide in too broad a form against competition in a given business. According to it, a contract not to compete in a certain business, within reasonable bounds as to place, is permissible, but if it pos-

sessed too wide a scope it becomes an unnecessary restraint of trade and it vitiated all promises that rest upon it, in whole or in part, as a consideration. As a consideration it was, in the earlier cases, treated as devoid of legal force, but it was deemed to vitiate all other considerations with which it was blended. On this theory, an agreement to abstain generally from carrying on a certain business, as in the present case, was treated as though it were an agreement to commit a crime, and, as a consequence, it illegalized everything that it touched. But this view, it has since been perceived, is unnecessarily stringent and is, in fact, quite unreasonable. There is nothing immoral or criminal in a stipulation not to engage in a certain business. A man may bind himself to such an abstention without incurring any legal penalty. The only effect is that such an engagement cannot be enforced, either at law or in equity. And this is the aspect in which it is regarded by the modern authorities. This modification of judicial opinion is very pointedly stated in one of the cases cited in the brief of the counsel of the plaintiff. The authority thus vouched is that of *Green* v. *Price*, 13 *Mees. & W.* 695, and in it Chief Baron Pollock, referring to the sort of agreement now in question, said : " It is not like a contract to do an illegal act. It is merely a covenant which the law will not enforce, but the party may perform it if he chooses." And upon the citation by counsel of cases holding a contrary doctrine, the reply of the Chief Baron was : " The policy of the law has been altered since that time. It has been found to be beneficial to commerce that there should be a restraint of trade to some extent, and the courts thereupon retrace their steps."

This distinction between a merely unenforceable promise in a matter of this kind and one that is criminal is illustrated in the decision of the case of Erie Railway Co. *ads.* Union Locomotive and Express Co., the principle being maintained that a stipulation that was not immoral would not vitiate or avoid the entire agreement. And if we regard the dictates of jus-

tice alone, no other doctrine is possible. This is obvious from the present case. If it be true that by reason of the promise of the plaintiff to abstain from this business being blended with the residue of the consideration, that consisted of valuable interests transferred to the company, will prevent a recovery of the price agreed to be paid for such property, and will enable the company to retain it without giving the equivalent agreed upon, a result certainly obtains that would be both wholly unconscionable and impolitic. According to the principle forming the basis of the decision in the Erie railway case just cited, that the presence in a contract of one of these inhibited undertakings does not in any degree whatever either add to or deprive it of its legal efficacy, standing alone, it will not constitute a legal consideration, nor will it, to any extent, be executed. The later decisions upon the subject appear to regard this as the true principle. *Mallan* v. *May*, 11 *Mees. & W.* 653; *Wallis* v. *Day*, 2 *Id.* 273.

The other points raised in the brief have been considered, but none of them, as it is deemed, are possessed of sufficient substance to require judicial exposition. They were properly disposed of by the trial judge.

Let the rule be discharged.