[No. 8049.]

## CATLIN, ADMINISTRATOR, v. VANDEGRIFT.

1. COUNTY COURT—*Appeal to District Court—Time of Filing Bond* Under Sec. 243 of the code, where, in the county court, a motion for a new trial is interposed in apt time, it has the effect to reserve the case for further consideration. An appeal bond filed within ten days after judgment formally entered, upon the denial of such motion, is in time. (292)

2. ——*Defective Bond—Amendment.* Under Rev. Stat. sec. 1539 an appeal is not to be dismissed for defects in the appeal bond if the appellant within a reasonable time shall file a sufficient bond. (293)

3. PRACTICE—*File Mark—Effect.* The file mark upon an appeal bond is controlled by the record, where this shows that the bond was lodged and approved at an earlier date, and in due time. (292, 293)

4. EXECUTORS AND ADMINISTRATORS—*Special Execution Against.* Action commenced and an attachment levied in the lifetime of defendant. The attached property was sold, pursuant to stipulation of the parties, and the money paid into court to await the result of the action. The defendant died during the pendency of the action, and the administrator being substituted, judgment was given against him. *Held* that notwithstanding the provisions of Rev. Stat. sec. 7209 it was proper to award a special execution, directing the sheriff to take and apply the proceeds of the attached property to the satisfaction of the judgment. (294)

*Error to Montrose District Court.*—Hon. THOMAS J. BLACK, Judge.

Messrs. CATLIN & BLAKE, for plaintiff in error.

Mr. JOHN GRAY, Mr. RALPH E. WALDO, and Mr. PHILIP W. MOTHERSIL, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The action was by defendant in error, William Van-degrift, as plaintiff below, against one H. S. Hanthorne, in the County Court of Montrose County, to recover a commission alleged to be due plaintiff for a sale of real estate. The complaint was filed February 10, 1912, and certain property of the defendant was attached. By stipulations between the parties the attached property was sold and the proceeds of sale placed in court to await the outcome of the cause. In August, 1912, the death of Hanthorne was suggested to the court, and the cause was continued in the name of Frank D. Catlin, Jr., Administrator, etc., as defendant. Defendant answered by general denial. Trial was had to a jury, and a verdict for defendant was returned on December 17, 1912. On the incoming of the verdict, in open court, notice of motion for a new trial was given, and the motion filed two days thereafter. On January 9, 1913, an additional motion for a new trial was filed. These motions were treated as one, upon which argument was had, and on January 11th were overruled and judgment rendered and entered of record for defendant in accordance with the verdict.

Plaintiff undertook an appeal to the District Court of that county. The appeal bond, as appears on its face, was approved January 21, 1913, but was indorsed "Filed this 23rd day of January, A. D. 1913." January 22, 1913, an order was entered in the cause in the County Court directing the transmission of the record to the District Court, in which it was recited "that the bond of appeal has been filed and approved in manner and form as required by law, and all other things necessary to be done therein have been done to complete this appeal," and on the 24th of that month the case was lodged in the District Court. Defendant appeared specially and filed a motion to dismiss the appeal, upon the

grounds that it was not taken within the time prescribed by the statute, and that the appeal bond was defective, in that it does not comply with the provisions of the statute, and did not, therefore, confer jurisdiction upon the District Court, which was argued by counsel for the respective parties, and overruled on March 25, 1913. The order also contained a finding that the appeal bond was defective, but that there was an honest effort made to file a sufficient one, and ten days were allowed plaintiff in which to file such a bond or suffer a dismissal of the appeal by default. Defendant elected to stand on his motion to dismiss, and declined to appear further. Judgment was rendered against him for the amount prayed, upon trial to the court, the plaintiff having waived a jury. Defendant brings the case here for review on error.

The first matter urged is that the appeal bond from the County to the District Court was not filed within ten days after judgment, as provided by statute. This involves the question of when the judgment was rendered by the County Court. Plaintiff in error contends that, as the verdict was returned on December 17, 1913, and no order reserving the cause for argument or further consideration, or granting a stay of proceedings, was made, judgment was by operation of law rendered of that date, entry thereof being a purely ministerial duty, under and by virtue of section 243 of the Code of 1908, which reads as follows:

"When trial by jury has been had, judgment shall be entered by the clerk in conformity to the verdict, within twenty-four hours after the rendition thereof, unless the court order the case to be reserved for argument or further consideration, or grant a stay of proceedings; but such entry of judgment shall not prejudice any motion for a new trial made in due time."

Defendant in error says that as a motion for a new trial was made in due time, argued by respective counsel, overruled and judgment rendered, in conformity with the verdict, on January 11, 1913, this is the date of the judgment. It is true the record discloses no order reserving the cause for argument or further consideration, or stay of proceedings granted, but it does show a motion for new trial interposed in due time upon notice given in court immediately after the return of the verdict, and judgment rendered on July 11, 1913, in conformity with the verdict, upon the overruling of such motion. The section quoted contains a provision the very purpose of which is to meet a situation like the one now before us. When the motion for a new trial was interposed in due time, it reserved the cause for further consideration. If this were not so, although a motion for a new trial was filed in apt time, still if the court should fail to dispose of it within the time allowed for perfecting an appeal, a litigant would then be deprived of his right of appeal, through no fault of his, contrary to the letter, sprit and purpose of the provision quoted. It was never intended that an injustice of this sort should be thus accomplished. The date of the order overruling the motion, upon which date judgment was formally rendered, in conformity with the verdict, is the date from which the ten days in which an appeal could be perfected began to run.

But plaintiff in error says that, even if such view be taken, the appeal bond was nevertheless filed on January 23rd of that year, more than ten days after judgment was rendered, and therefore the appeal failed. While it is true that the filing mark bears such date, it appears upon the face of the instrument that it was approved on the 21st day of January, 1913, within the statutory period. The order transferring the record to

the District Court, which was entered on the 22nd of that month, recites that the appeal bond had been theretofore filed and approved. The record shows that the bond was lodged in the County Court on the 21st day of January and approved on that day. The date governing the time the appeal was made is that of lodgment and approval of the appeal bond.—*Cates et al. v. Mack,* 6 Colo. 401, 404.

It is next urged for a reversal that the appeal bond was insufficient to confer jurisdiction upon the District Court, in that it is not a compliance with the statute regulating such appeals, Section 1537 R. S. 1908. Upon this proposition the District Court, in overruling the motion to dismiss the appeal, found that although such bond was defective, there was an honest effort made to file a good and sufficient one, and allowed defendant to file an amended bond to conform to the statute. This action of the court was entirely proper and in harmony with the decisions construing the law respecting such amendment. It would have been error for the court to have denied such leave. Section 1539, R. S. 1908, reads in part as follows:

"Provided, further, that no appeal shall be dismissed on account of a defect or informality in the undertaking, or the insufficiency thereof, if the appellant or appellants shall, within a reasonable time, to be fixed by the court, file a good and sufficient undertaking."

*Wheeler v. Kuhns,* 9 Colo. 196, 11 Pac. 97; *Fuller v. Estate of Fuller,* 7 Colo. App. 555, 44 Pac. 72. The opinion in the case of *D. & R. G. R. R. Co. v. Paonia Ditch Co.,* 49 Colo. 281, 112 Pac. 692, has no application here, because there no request was made to file an amended bond and that question was not considered.

The remaining contention is that the court erred in ordering special execution, commanding the sheriff to

take and apply the proceeds of the attached property upon the judgment.   Section 7209, R. S. 1908:

"No execution shall issue upon any judgment against a decedent,   *   *   *   but such judgment shall be filed, allowed and paid in the same manner as other fourth class claims against such estate."

is cited to support the contention, that this judgment should have been filed, allowed and paid out of the estate as a fourth class claim.   The record shows that at the commencement of the action certain property was attached and by stipulation converted into cash and held in court to be applied in payment of whatever judgment plaintiff might recover.   The attached property was segregated from the estate of Hanthorne, prior to his death, and never came into the hands of the administrator, but the proceeds therefrom followed the suit on appeal to the District Court, and was under its exclusive jurisdiction and control.   These proceeds were no part of the estate, and could become so only upon the contingency that plaintiff failed to recover judgment and sustain his attachment.   This contingency never happened, and it was, therefore, entirely proper for the District Court to direct the application of the money to the partial satisfaction of plaintiff's judgment.

Judgment affirmed.

CHIEF JUSTICE MUSSER and Mr. JUSTICE WHITE concur.