## No. 9369.

### KEENAN ET AL *v.* COLORADO FARM LANDS COMPANY.

APPEAL AND ERROR—*Motion for a New Trial Indispensable.* When the defeated party fails to apply for a new trial within the period prescribed by the Code (Sec. 218), and the eighth Rule of Practice, his writ of error will be dismissed. The statute is peremptory. Absence from the place of the sitting of the court at the announcement of the judgment, press of business, and inadvertance, afford no excuse for such omission.

*Error to Yuma District Court, Hon. H. P. Burke, Judge.*

Messrs. ROGERS, ELLIS & JOHNSON, Mr. DANIEL B. ELLIS, and Mr. PERCY ROBINSON, for plaintiffs in error.

Mr. JOHN F. MAIL, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

This action rests upon a motion to dismiss the proceeding on error, upon the ground that plaintiffs in error did not within the time prescribed by law and the rules of this court, file a motion for a new trial, and did not apply for nor cause to be entered, an order of the trial court dispensing with a motion for a new trial therein, and did not apply for, nor secure an extension of time within which to do so.

Section 218 of the Code of Civil Procedure provides:

"The motion for a new trial and reasons therefor, and affidavits in support thereof, when required shall be filed within five days after the verdict is rendered (but in any event before the adjournment of the term), or within five days after notice of the filing of the report of the referee, or the announcement of the decision of the court, and at the same term, but the court may extend the time for good cause * * * . "

Rule 8 of the Rules of this court provides:

"The party claiming error in the trial of any case must, unless otherwise ordered by the trial court, move that court for a new trial, and, without such order, only questions presented in such motion will be considered on review. "

On the 7th day of December, 1917, a decree in favor of the defendant in error, plaintiff below, was entered, but as of date of November 19th, 1917. Due exceptions were entered and a stay of execution granted for a period of sixty days, in which to make and tender a bill of exceptions.

It appears that on November 22nd, 1917, defendant's attorneys being absent from the county addressed a letter to the judge of the court containing the following:

"When the decree is entered, will you please have our exceptions noted to the entry thereof, and give us sixty days' time in which to prepare and tender a bill of exceptions and an order for a stay of execution during such sixty days' period of time."

On the 8th day of December, 1917, the defendant's attorneys received a written notice from the judge containing the following:

"Enclosed herewith I hand you, duly signed, the decree in No. 1380, District Court of Yuma County, Colorado, Colorado Farm Lands Company v. Keenan; 60 days from this date in which to tender bill of exceptions, and execution stayed for 60 days. I have so notified the Clerk."

On the 28th day of January, 1918, the defendant's attorneys tendered for filing their motion and affidavit for an order, *nunc pro tunc,* as of date of December 7th, 1917, dispensing with a motion for new trial. This motion was heard and overruled on the 7th day of February, 1918. The grounds for this motion were, press of business, inadvertance, and absence from the place of holding court at the time the judgment was entered.

It will be seen that the court entered judgment in the absence of defendant's counsel, but with their knowledge, with exception at their request, on the 7th day of December, and that such counsel were notified of such entry on the following day, and that counsel failed to comply with the code provision and the rule of this court, in that they did not file a motion for a new trial, nor obtain an order dispensing therewith, within five days from the date of the judgment, and for such reason are not entitled to a proceeding in error.

The filing of such application on the 28th day of January, or nearly six weeks after the time to which they were limited by law, could not and did not cure this omission.

By the provision of the code, and rule 8, this requirement is made jurisdictional of the right of review. It is not within the power of the trial court to amend the statute, or to

extend the rule of this court. The statutory language is peremptory. The motion for a new trial was not filed, nor order entered dispensing with the same within five days. Neither was an order entered within that period extending the time for so doing. This was fatal to the right of review. *Clark v. Perry,* 17 Colo. 56, 28 Pac. 329, 29 Cyc. 928.

The motion to dismiss the writ of error is sustained. Hill, C. J., and Garrigues, J., concur.