No. 9149.

BATES v. WOODWARD.

1. NEW TRIAL—*When to be Heard.* Under Secs. 237 and 239 of the Revised Code 1908 (Mills' Code, 905, secs. 220, 224). A motion for a new trial must be heard and determined at the term at which the verdict is rendered, or at the next suceeding term.

A failure to present the motion either at the term at which the verdict is given or at the next term operates as a denial.

2. *Duty to Call up the Motion,* is upon the party interposing it.

3. WRIT OF ERROR—*Limitation.* Judgment was entered in the District Court February 26, 1913. The terms of court were prescribed to be held on the second Monday in February and the third Monday of September in each year. A motion for a new trial was filed in due time, but was not argued until December 20, of 1916, and was overruled January 6, 1917. *Held* that the judgment became final on the last day of the September term of 1913, and that neither under any statute nor under the rules of the Supreme Court could error thereto be maintained.

*En banc.*

*Error to Delta District Court, Hon. Thomas J. Black, Judge.*

Mr. WILLIAM V. HODGES and Mr. GEORGE K. THOMAS, for plaintiff in error.

Messrs. STEWART & STONE and Mr. C. H. STEWART, for defendant in error.

Mr. Justice Burke delivered the opinion of the Court.

H. E. WOODWARD was plaintiff and W. E. Bates defendant in the trial court, and the parties are hereinafter so designated.

The verdict of the jury was returned February 26, 1913, and there being no order of court reserving the case for further consideration, and no stay of proceedings, judgment was entered by the clerk on the same day, as provided by section 224, chapter 18 of the Code. On March 3, 1913, and within the time allowed by the court, defendant filed his motion for a new trial. This motion was argued December 20, 1916, taken under advisement, and overruled January 8, 1917.

April 26, 1913, a special execution was issued, property sold thereunder and return made April 30, 1913. February 26, 1917, defendant moved for entry of judgment against him as of date January 8, 1917, for the reason that—
"said motion for new trial was not called up for hearing nor argued before the court until the 20th day of December, 1916, at which time, said motion of this defendant, W. E. Bates, for a new trial was taken under advisement and was denied by the court on January 8th, 1917, and that, therefore, judgment should then have been rendered on January 8th. 1917."

This motion he supported by an affidavit which, among its other recitals, contains the following:

"Affiant has made application to the Supreme Court of the State of Colorado for supersedeas and filed in the Supreme Court of Colorado a verified statement for additional time pending supersedeas application which was filed in said Supreme Court on February 6, 1917, and the said Supreme Court granted additional time and until April 1, 1917, in which to perfect said supersedeas application."

On the same day defendant moved to set aside the judgment of February 26, 1913. Both of these motions came on for hearing on the day they were filed, and both were overruled. February 6, 1917, this cause was filed herein and writ of error issued out of this court. May 10, 1917, plaintiff moved to dismiss the proceeding in this court because it was barred by lapse of time. This motion was heard June 15, 1917, and overruled, with leave to renew it on final hearing. It was so renewed and argued in this court and is the sole question necessary for our consideration at this time.

Plaintiff contends that the time limited within which a writ of error might be sued on began to run February 26, 1913, when judgment was in fact entered by the clerk. We cannot sustain this contention.

"If a motion or petition for rehearing is made or presented in season and entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of."

*Kingman v. Western Mfg. Co.,* 170 U. S. 675-678, 18 Sup. Ct. Rep. 786, 42 L. Ed. 1192.

"When the motion for a new trial was interposed in due time, it reserved the cause for further consideration."

*Catlin v. Vendergrift,* 58 Colo. 289-292, 144 Pac. 894.

Hence, in this case the time would begin to run on the date of the final disposition of the motion for a new trial, *provided* that hearing were in apt time under all the circumstances, that being the date when the judgment of the trial court became *final* for the purpose of the prosecution of a writ of error.

Was the hearing of the motion for a new trial in apt time so that defendant can now claim the benefit of the rule above mentioned?

At common law a motion for new trial was made after verdict and before judgment, hence made at the term at which the cause was tried (*Kingman v. Western Mfg. Co., supra*) ; and, in the absence of special circumstances so permitting, was heard at the same term. This on the principle

that the law does not countenance unnecessary delay, and that one who has prosecuted his cause of action to a successful determination is not to be deprived of the fruits thereof by the dilatory tactics of his adversary.

The common law rule was expressly enacted in this State by Section 201 of the Code of 1877 which provided:

"The motion for a new trial and decision therein shall be made and had at the same term the findings were made or the verdict rendered."

So far as the requirement that the *decision* should be at the same term that section of the old Code was held directory and not mandatory for the reason that:

"It not unfrequently happens that these motions are presented and argued or submitted upon briefs, on the last day of the term. In many instances they require a thorough review of the evidence, and they often involve the examination of authorities not previously brought to the attention of the court. If the provision is held mandatory, the effect will be to require many of these motions to be decided without due consideration, a result which will defeat the spirit and intent of the Statute."

*Gomer v. Chaffe,* 5 Colo. 383-386.

In recognition of that interpretation, and the reason upon which it was based, the Code of 1887 extended the time when the motion *might* be heard to the succeeding term; thus obviating the difficulty which prompted the decision.

"The motion for a new trial  *  *  *  shall be filed within five days after the verdict is rendered  *  *  * and at the same term  *  *  * ; and when for any cause such motion cannot be heard at the term when filed, the same may be heard at the succeeding term."

Section 218, chapter 17, Code of 1887.

In *Walker v. Hale,* 16 Ala. 26, the rule as adopted in *Gomer v. Chaffe, supra,* was announced; but the court there further expressly held that:

"There must be an end of litigation, and a time must come when the power of the court over the judgment must

cease, notwithstanding the motion may not have been disposed of."

In another of the early cases it is said:

"Our law has wisely provided that motions of the character now before us, shall be made at the trial term. It should be a very clear case, indeed, that will warrant the entertaining of such motion after that time, for if allowed at the next term, so it might at the second, or any subsequent term; and a judgment plaintiff or defendant would never know when their legal rights were finally settled or concluded. * * * The law primarily contemplates the disposition of such motions at the trial term, and they should never be continued, except from the necessity of the case."

*Laird v. Ashley*, 1 Iowa, 570-571.

In further recognition of this salutary rule our present Code provides:

"The hearing on a motion for a new trial shall be had at the earliest period practicable after the filing of the motion."

Section 220, chapter 17.

In view of the general rule requiring the filing and determination of the motion at the trial term; the decision and reasoning in *Gomer v. Chaffe, supra,* that the statute was not mandatory that the *decision* should be at the same term; and the amended statute giving power to the court to hear and determine the motion at the succeeding term, "when for any cause such motion cannot be heard at the term when filed"; the language "may be heard at the succeeding term" must be construed to exclude any other than the succeeding term, under the familiar maxim *"Expressio unius est exclusio alterius",* said by Broom to be "never more applicable than when applied to the interpretation of a statute."

We think it clear that the motion may not be heard after the close of the succeeding term, unless by order of court for good cause entered, or unless the party seeking to avail himself of the foregoing provisions of the Code has waived his rights thereunder; otherwise, the expiration of the succeeding term without the motion being called up for final hearing operates as a denial of the motion.

At the time this judgment was entered, February 26, 1913, the statute in effect was section 401, chapter 37 of the Code which reads in part:

"A writ of error shall not be brought after the expiration of three years from the rendition of the judgment complained of."

Thereafter the General Assembly, at its 1913 session, passed an act which was approved March 13, 1913, being Section 1, Chapter 121, Session Laws of 1913, Page 447, which reads in part:

"The Supreme Court shall prescribe rules of practice and precedure in all courts of record and may change or rescind the same. Such rules shall supersede any statute in conflict therewith."

Acting under the authority conferred by that section this court, on June 19, 1914, adopted a set of rules which became operative September 14, 1914. Rule 14, page 36 of that revision, so far as it relates to the question now under consideration, reads:

"A writ of error shall not be brought after the expiration of one year from the date of the rendition of the judgment complained of; provided, that as to judgments rendered prior to the date these rules take effect, a writ of error may be brought at any time within one year from that date, if that period is within three years from the rendition of such judgment."

Section 1, chapter 181, Session Laws of 1909, page 439, fixed the terms of court in Delta County on the second Monday in February and the third Monday in September of each year. That act has been in effect down to the present time. This judgment was entered in the February, 1913, term. The motion for a new trial must, under the law as hereinbefore announced, have been heard during the September term following, and prior to the opening of the February, 1914, term. In the absence of such hearing, the last day of the September, 1913, term is the day when the judgment became final for the purpose of this writ.

The rules of this court were again revised by the adoption of those now in force, which became effective January 22, 1917. The present rules were in effect on February 6, 1917, when this case was filed in this court and the writ of error herein issued; except for a provision of Rule 72, Page 35, which provides:

"Any case in which final judgment is rendered at *nisi prius* before March 1, A. D. 1917, may be brought to this court under the previous rules or under these rules, at the option of the party seeking relief."

Rule 16, page 9 of the 1917 revision provides:

"A writ of error shall not be brought after the expiration of two years from the rendition of the judgment complained of."

Hence, when this writ was brought in February, 1917, plaintiff had his option to proceed either under the rules of 1914, giving him one year from February, 1914 (which term expired in February, 1915), or one year from the date on which the rules became operative (which term expired in September, 1915) ; or he could proceed under the rules of 1917, giving him two years from February, 1914 (which term expired in February, 1916).

The conclusion is inevitable that the writ was sued out at least one year too late.

Recognizing the force of this conclusion, counsel for defendant seek to escape it by the contention that the duty to call up the motion rested upon plaintiff. Nothing could be more fallacious. The plaintiff below had obtained a substantial verdict; judgment had actually been entered thereon by the clerk; and, there being no reservation of the cause for further consideration and no stay of proceedings, that judgment was, for all purposes save the filing and hearing of a motion for a new trial and the prosecution of a writ of error, final and conclusive. Execution had in fact, been issued thereunder. All the relief sought by plaintiff had been obtained. He had no concern whatever with defendant's motion for a new trial. That motion defendant had a perfect right to abandon altogether. Its hearing and de-

termination could be of no possible benefit to the plaintiff, but might be injurious. If it were not the intention of defendant to abandon all his rights under that motion, or if he sought or expected any relief thereunder from the situation in which the judgment of the trial court had placed him, the duty rested upon him, and him alone, to call it up for consideration before the expiration of the time within which the trial court had the power to hear it, i. e., the term succeeding that in which the cause was tried. Having wholly failed in that duty he had lost all his rights thereunder. His action in this court was barred by the rules above referred to.

Plaintiff's motion of May 10, 1917 to dismiss the writ is accordingly sustained.

Scott, J., not participating.

Decided October 6, A. D. 1919. Rehearing denied December 2, A. D. 1919.