## No. 10,585.

### LARSON *v.* LONG.

Decided April 2, 1923.

On motion to dismiss writ of error.

*Motion denied.*

1. NEW TRIAL—*Motion.* To entitle a party to a review by writ of error, there must be a motion for a new trial unless otherwise ordered by the trial court.

2. *Motion—Disposition.* The expiration of a succeeding term without the motion for a new trial being called up for final hearing, operates as a denial of the motion.

3. APPEAL AND ERROR—*New Trial.* Rule 8 of the Supreme Court does not state that questions must be presented to the trial court by a hearing on a motion for a new trial, but only that the questions must be presented in the motion.

4. *Motion for a New Trial—Writ of Error.* Where a motion for a new trial has not been called up or determined before the expiration of the term succeeding the term at which it was filed, it will be deemed to have been denied, and a writ of error may be prosecuted as if the motion had been heard in due time, and overruled on a hearing.

*Error to the District Court of Routt County, Hon. Gilbert A. Walker, Judge.*

Mr. JOSEPH K. BOZARD, Messrs. MORRISON & DESOTO, for plaintiff in error.

Messrs. GOODING & MONSON, for defendant in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS cause is before us upon a motion to dismiss the writ of error. The motion is predicated on the fact, appearing by the record, that a motion for new trial was never passed upon by the trial court.

This case was instituted in the district court of Routt county, and was tried to a jury. A verdict for defendant was returned on December 28, 1921, one of the juridical days of the November, 1921, term of the court. On January 7, 1922, the plaintiff asked and obtained additional time and until January 10, 1922, in which to file a motion for new trial. On January 10, 1922, the motion for a new trial was filed. The motion was neither called up nor disposed of during the November, 1921, term. The next term began on the first Monday of April, 1922. The record shows the following entry as of the date of April 3, 1922: "At this day it is ordered that this cause be passed for the present."

Nothing further appears to have occurred in reference to this case during the April, 1922, term. The following term began on the second Monday in November, 1922. On that day the plaintiff sought to have his motion heard, and defendant objected to a hearing thereon. The matter was continued until the next day, when the court considered affidavits and counter affidavits, filed by the respective parties. On November 17, 1922, the court rendered its decision, sustaining the objections of defendant to the consideration of the motion. The foregoing is all that the record shows concerning the motion for new trial. On February 7, 1923, the plaintiff sued out this writ of error, and, as stated above, defendant now moves to dismiss the writ.

The grounds of the motion may be summed up in the proposition that the plaintiff in error, plaintiff below, failed to have his motion for new trial heard at the term

of court succeeding the term at which the motion was filed, on good cause shown or at all.

Section 238 of the Code of Civil Procedure of 1921 provides that a motion for new trial must be filed before the adjournment of the term, and that "when for any cause such motion cannot be heard at the term when filed, the same may be heard at the succeeding term."

In *Bates v. Woodward*, 66 Colo. 555, 185 Pac. 351, we said:

"We think it clear that the motion may not be heard after the close of the succeeding term, unless by order of court for good cause entered, or unless the party seeking to avail himself of the foregoing provisions of the Code has waived his rights thereunder."

In the instant case the trial court evidently ruled that no sufficient showing was made for hearing the motion after the close of the succeeding term, and consequently the motion was never passed upon.

The defendant in error, in presenting his motion to dismiss this writ of error, proceeds upon the theory that plaintiff's failure to have the motion for new trial disposed of before the end of the term following the term at which it was filed is the equivalent of not having filed any motion for new trial at all.

The trial court made no order dispensing with the necessity for a motion for new trial. Therefore to entitle plaintiff below to a review by writ of error, of alleged errors occurring at the trial, a motion for new trial was necessary, under our rule 8. *Keenan v. Colo. Farm Lands Co.*, 65 Colo. 113, 173 Pac. 1140. Rule 8 of the rules of this court reads as follows:

"The party claiming error in the trial of any case must, unless otherwise ordered by the trial court, move that court for a new trial, and, without such order, only questions presented in such motion will be considered on review."

The plaintiff did move the court for a new trial. The question then arises whether it was necessary for him

to present the motion to the court for hearing and have the motion decided. In some jurisdictions that might be necessary. 3 C. J. 968. But we said in *Bates v. Woodward, supra,* that "the expiration of the succeeding term without the motion being called up for final hearing operates as a denial of the motion." If it amounts to a "denial" of the motion, it necessarily amounts to a disposition of the motion, as if on its merits, and the moving party may proceed to sue out a writ of error to review the case, the same as if he had called up the motion in time and had it denied upon argument. Under section 422 Code of 1921 (S. L. 1911, p. 11) no exception need be taken to the granting or overruling of motions for new trial.

The defendant in error contends that under our rule 8, the questions must be presented to the trial court by a hearing on the motion for new trial. The rule does not so state. It provides that the questions must be presented *in* the motion, not that they must be presented upon a hearing.

In some states it is expressly provided by code or statute that if a motion for new trial is not disposed of within time, it shall be deemed overruled. Revised Statutes Ariz. 1913, sec. 591; Ch. 100, Laws of Wisconsin 1901; *Voinich v. Poe,* 52 Cal. App. 597, 199 Pac. 74. While we have no rule or statute on this point, our expression in *Bates v. Woodward, supra,* above quoted, approves the practice of regarding the failure to dispose of a motion for new trial as a denial thereof.

The plaintiff's motion for a new trial, not having been called up and determined before the expiration of the term succeeding the term at which it was filed, must be deemed to have been denied on the expiration of such succeeding term, and plaintiff is entitled to prosecute this writ of error as if the motion had been heard in due time and overruled on a hearing.

The motion to dismiss the writ of error is denied.