## No. 10,470.

### ELTZROTH v. MURPHY.

Decided December 3, 1923.  Opinion adhered to March 3, 1924.

Action on contract.  Judgment for plaintiff.

*Reversed.*

1.  NEW TRIAL—*Motion—Hearing.*  A motion for a new trial may be heard at the next term succeeding that at which the judgment was rendered, but not after, in the absence of an order of court or waiver.

2.  *Delay in Hearing—Waiver.*  Objection to unauthorized delay in the time of hearing a motion for a new trial is waived by the appearance and participation of counsel in the hearing.

3.  BILL OF EXCEPTIONS—*Time Filed.*  Where, after motion for a new trial is granted, the court on motion vacates the order and reinstates the judgment, it is held that a bill of exceptions covering that point being filed within the 60 days allowed by law, the whole bill must be regarded as filed in time.

4.  APPEAL AND ERROR—*New Trial.*  No error lies to the granting of a motion for a new trial.

5.  PLEADING—*Amendment by the Court.*  Whatever a court may do on motion of a party, concerning amendment of pleadings, it may do on its own motion.

6.  *Amendment—Clerk's Entry.*  It is the duty of a clerk of the court to enter an order with definiteness, and of the attorneys to examine the order and see that it is correct, and if not, to have it corrected.

7.  APPEAL AND ERROR—*Court Order.*  Where the purpose of the court in ordering an amendment of a pleading can be determined from the record as a whole, the objection that the order is unintelligible is not sufficient for reversal.

8.  PLEADING—*Indefiniteness—Cured.*  Indefiniteness in the amount claimed by plaintiff in the allegations of his complaint, held cured by the statement of a definite sum in the concluding four words.

9.  PUBLIC LANDS—*Relinquishment—Consideration for Promise.*  The

relinquishment of public land is lawful, and may be a lawful consideration for a promise.

10. PLEADING—*Alternative Promises.* ' Where a complaint alleges alternative promises, one legal and the other illegal, the legal alternative stands alone, and the elimination of the illegal would not change the cause of action.

11. BONDS—*Conditions.* When there are two conditions in a bond, one valid and the other invalid, the valid may be enforced.

12. EVIDENCE—*Self Serving Statements.* A letter from one party to an action to another, is incompetent to prove statements therein in favor of the writer.

13.     *Demand.* A letter held inadmissible in evidence to prove a demand, where a demand was unnecessary.

*Error to the District Court of Morgan County, Hon. L. C. Stephenson, Judge.*

Mr. WALTER S. COEN, Mr. WILLIAM B. PAYNTER, Mr. OMER T. MALLORY, for plaintiff in error.

Mr. D. J. VAN BRADT, Messrs. JOHNSON & ROBINSON, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THERE is a motion to strike the bill of exceptions because not filed in time; i. e., within sixty days from the judgment, under S. L. 1911, p. 9 (Code 1921, § 420). A motion for a new trial may be heard at the next term succeeding that at which the judgment is rendered, but not after (*Bates v. Woodward,* 66 Colo. 555, 185 Pac. 351), unless there be an order of court or waiver (66 Colo. 559, 185 Pac. 351).

In the present case the motion was not heard until after the end of "the succeeding term," and there was. no order of court. It is claimed, however, that the appearance of plaintiff in error at the argument of the motion, and his participation therein without objection amounted to a waiver. We think this claim well founded. The point

should have been made at or before the hearing of the motion. To argue the motion without objection is to take a ground inconsistent with the theory that the hearing is too late.

The hearing was on April 7, and a new trial was granted. April 13, one day before the sixty days expired, defendant in error filed a motion to set aside the grant and reinstate the judgment on the ground that the hearing was too late, and on May 6 that motion was granted. If we are right in our conclusion that the delay was waived, the granting of this second motion was erroneous, because the hearing of the motion for new trial was, in effect, consented to. A bill of exceptions covering this point was filed in time and the result is that the whole bill must be regarded as filed in time. See *Bates v. Woodward, supra; Kinney v. Yeolin Bros. Co.,* 74 Colo. 295, 220 Pac. 998.

We might, perhaps, say here that since the motion for a new trial was, as we have shown, granted in time, and since no error lies to a motion for new trial granted, there is nothing to do but send the case down for a new trial; but since the matter comes to us as if the court had overruled the motion for a new trial, we take up the case on that theory, and reach the same conclusion.

The plaintiff had judgment after a trial by jury and defendant brings error.

A demurrer to the first cause of action of the complaint was sustained. The court then amended of its own motion, by striking out part. It does not appear that the complaint was demurred to after that; the question of its sufficiency, however, was raised by objection to the evidence. It is claimed that the court had no power to amend by striking out without a motion by one of the parties, Code 1921, § 66; but we think that what it may do on motion it may do on its own motion.

The order of amendment was "that that part of the complaint as to the transfer of certain land be and the same is hereby stricken." It is claimed that this order is unintelligible. It is not clear and it is bad practice to enter such an order. *Mullen v. Wine,* 9 Colo. 167, 11 Pac. 54.

And, before new trial, we think the complaint should be amended in accordance with the court's intention. It was the duty of the clerk to enter the order with definiteness, and of the attorneys to examine the order and see that it was correct or corrected. However, we have gone over the complaint carefully, and, taking the record as a whole, we think the court's purpose is intelligibly shown, and that the part stricken can be identified, and that it was the alternative promise to convey the land when a patent was obtained, as hereinafter explained. This objection, therefore, is not sufficient for reversal.

The main question is whether the first cause of action of the complaint as amended states sufficient facts. In substance it is that in consideration that plaintiff would relinquish 200 acres of a certain 320 acres, and deliver certain improvements, defendant, when he got title thereto, would pay plaintiff "a sum equal to the portion (proportion?) which the 120 acres of said homestead entry filed on by the plaintiff bore to the 200 acres filed on by the defendant of the amount which the plaintiff had invested in said relinquishment, to-wit: the sum of $2250." (The blindness of this statement is cured by the definiteness of the last four words, but before another trial the complaint should be amended here to state the promise more intelligibly) ; that plaintiff relinquished the 200 acres, and defendant filed on it and obtained a patent but refused to pay. The claim is that the contract was illegal, but we can see no illegality. A relinquishment is a lawful thing and may be a lawful consideration for a promise. *Tecumseh St. Bank v. Maddox,* 4 Okl. 583, 46 Pac. 563; *Pelham v. Service,* 26 Pac. 29, *S. C. Hardesty v. Service,* 45 Kas. 614; *McCabe v. Caner,* 68 Mich. 182, 35 N. W. 901.

The amended complaint, therefore, states a cause of action. But, says defendant, the amendment was improper because it changed the cause of action. We think not. Originally, the promise was stated to be that defendant promised to deed to plaintiff one-half of the 200 acres, and that, in the event of his failure or inabilty to do so, he

would pay as above stated. The promise to deed was stricken out. Did this change the cause of action? We think not. The original complaint stated alternative promises, one legal and one illegal. In such case we think the legal alternative stands alone, as if it alone had been made, and so the legal effect of the complaint was the same before as after the amendment. *Borland v. Prindle, et al.,* 144 Fed. 713. This case seems exactly in point. See also *Fishell v. Gray,* 60 N. J. Law, 5, 37 Atl. 606; *Hambach v. Ward,* 69 Wash. 351, 125 Pac. 140, 141; *St. L. I. M. & S. Co. v. Matthews,* 64 Ark. 398, 42 S. W. 902, 39 L. R. A. 467; *Jackson v. Shawl,* 29 Cal. 267, 272; *Porter v. Fisher,* 4 Cal. Unrep. 324, 34 Pac. 700; *Hubbard v. Mulligan,* 13 Colo. App. 116, 57 Pac. 738; *U. S. v. Hodson,* 10 Wall. 395, 408, 19 L. Ed. 937; *W. U. Tel. Co. v. K. P. Ry. Co.,* 4 Fed. 284, 289; *N. P. R. Co. v. U. S.,* 15 Ct. Cl. 428, 445. When there are two conditions in a bond, one valid and one invalid, the valid may be enforced. *U. S. v. Bradley,* 10 Pet. 343, 9 L. Ed. 448. It must be kept in mind that the consideration was lawful. If it were a part of the consideration that was illegal instead of one of two promises, the question would be different. *Osgood v. Bauder,* 75 Iowa, 550, 39 N. W. 887, 1 L. R. A. 655; Metc. Cont. 246. The amendment, then, was proper.

But the case must be reversed because of the admission of the letter, Exhibit A, from plaintiff to defendant. The rule is well established in this state and generally elsewhere that a letter from one party to the other is incompetent to prove the statements therein in favor of the writer, *Idaho Gold Coin M. & M. Co. v. Colo. I. W. Co.,* 49 Colo. 66, 111 Pac. 553. And this, we understand, was the ground for sustaining the motion for new trial. It is urged that the letter was offered merely to prove a demand, but a demand in the present case was unnecessary and therefore irrelevant.

The judgment is reversed and new trial granted.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.