## No. 10,772.

### COLBURN *v*. ERNST.

Decided January 9, 1924.   Rehearing denied March 3, 1924.

On motion for rehearing.

### *Rehearing Denied.*

1.   APPEAL AND ERROR—*Rehearings.*   A petition for rehearing which states a point the court might have overlooked, and states matters showing the relation of that point to the court's decision, and nothing irrelevant thereto, does not violate Supreme Court rule 48.

2.   NEW TRIAL—*Objections—Waiver.*   A party who contends that objections to the filing of a motion for a new trial have been waived, has the burden of showing waiver.

     In the case under consideration, it is held that no waiver was shown.

3.   *Time for Filing—Extension.*   Under section 238, '21 Code, providing that the court may extend the time for filing a motion

for a new trial for good cause, a misunderstanding produced by oral agreements concerning such an extension, held not to be good cause.

4. PRACTICE AND PROCEDURE—*Oral Stipulations.* Courts may properly refuse to consider oral stipulations concerning proceedings in court.

*Error to the County Court of Fremont County, Hon. Kent L. Eldred, Judge.*

Mr. DELBERT A. HESSICK, Mr. N. WALTER DIXON, for plaintiff in error.

Mr. GEORGE A. CARLSON, Mr. W. R. RAMSEY, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error moves to strike the motion for a rehearing on the ground that it violates rule 48. We do not think so. It states a point that we might have overlooked, and states matters showing the relation of that point to our decision and nothing irrelevant thereto. The motion to strike should be denied.

We dismissed the writ of error without opinion on the authority of *Snider v. Ostrander,* 62 Colo. 99, 160 Pac. 195.

The motion for dismissal was on the ground that no motion for a new trial was filed within five days after verdict, as required by the Code of 1921, § 238. The verdict was rendered in March, 1923, in the county court of Fremont county; in the following term, July 9, 1923, motion for a new trial was filed, a motion to strike it was overruled July 19, and the motion for new trial was then overruled, and the case was brought here for review. We dismissed it as above stated.

Upon motion for rehearing it is now urged that we were in error; that in this case, unlike *Snider v. Ostrander,* no judgment was rendered, the court thereby retained jurisdiction, and had power to extend the time for filing the

motion and, in effect, did extend it when it denied the motion to strike.

It is further claimed that the defendant in error had waived her right to insist on the rule; that whether she had waived it or not was a mixed question of law and fact, to be decided by the court below; that that court has decided in favor of the plaintiff in error by denying the motion to strike.

The answer to the claim of waiver is that the court did not find there was a waiver. The order of the court, on the motion to strike, states: "It appearing to the court there has been a misunderstanding of attorneys in regard to the time for filing said motion for a new trial, * * * the motion to strike * * * is * * * denied." This finding is equivalent to finding that there was no waiver, but that the attorney for the plaintiff in error thought there was. The burden was on him to show waiver; he filed an affidavit that there was an oral agreement for an extension; the opposite attorney denied this; the court found there was a misunderstanding. Obviously no waiver is proved.

Assuming that the order denying the motion to strike was equivalent to an order extending the time, there was nothing to justify it. The statute permits the court to "extend the time for good cause." To hold that a misunderstanding produced by oral agreements with all the uncertainties that always accompany such matters, is good cause to extend the time is almost equivalent to a repeal of the statute.

The plaintiff in error had plain ways open before him. He could have filed his motion within five days. He could have asked for an order of extension. He could have obtained a written stipulation. He perhaps could have protected himself by an order dispensing with the motion. He chose to rely on an oral agreement which most courts, including this court, very properly refuse to consider at all. Upon this oral agreement the best finding he could get from the court which chose to consider it was that there was a misunderstanding; that he thought he was

permitted to delay his motion until he could get out his bill of exceptions.

Motion for rehearing denied.