No. 11,273.

SCHOOL DISTRICT NO. 6 OF MOFFAT COUNTY *v*. SULTZ.

Decided June 1, 1925.

On motion to dismiss appeal from county to district court. Appeal dismissed.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Appeals—Schools.* A school district appealing from a judgment is not required to file an appeal bond.

2. COURTS—*Records.* Records of the county court import absolute verity.

3. NEW TRIAL—*Motion—Preusmption.* Motion for a new trial being filed in county court during the October term and an attempted appeal being taken during the succeeding December term, no presumption had attached that the motion for new trial had been overruled.

4. Appeals—*Motion for New Trial.* An appeal before the disposition of a motion for a new trial is premature, and the appellate court is without jurisdiction.

*Error to the District Court of Moffat County, Hon. Charles E. Herrick, Judge.*

Mr. E. G. Vanatta, for plaintiff in error.

Messrs. Wiley & Wakeman, for defendant in error.

*Department Two.*

Mr. Chief Justice Allen delivered the opinion of the court.

This cause is before us on an application for a supersedeas. The writ has been sued out to review an order of the district court of Moffat county dismissing an appeal, or attempted appeal, of a judgment of the county court.

On January 2, 1925, the attorney for the defendant, against whom the county court had rendered judgment, tendered to the clerk of the district court a school warrant for $12.50, and asked that the appeal be docketed. No transcript of the record and proceedings in the county court was ever filed in the district court. No appeal bond was filed, but as the defendant attempting the appeal is a school district, no bond is necessary. The case was docketed in the district court.

On April 20, 1925, the plaintiff entered her special appearance, and moved that the appeal be dismissed. The motion was sustained; the appeal dismissed.

At the hearing of the motion, on April 25, 1925, oral testimony was taken. The present county judge testifies that the records of his court show a verdict and judgment for plaintiff, on October 25, 1924; that a motion for a new trial was filed November 1, 1924; and "that there has been no order made disposing of said motion for a new trial, and so far as the records are concerned, it is standing on

the motion for a new trial." His predecessor in office testified that he "recollects that he overruled the motion for a new trial, but does not remember the date, and did not make any memorandum or order on it; does not recollect anything else regarding it."

The attorney for defendant says the motion for new trial was overruled by agreement; the attorney for plaintiff denies any recollection of such a matter.

The evidence before the district court was to the effect that the records of the county court, which records import absolute verity, show that the motion for a new trial was still pending, and not disposed of, on January 2, 1925, when defendant had the case docketed as on appeal in the district court. The judgment was rendered, and the motion for new trial was filed, during the October 1924 term of the county court. The appeal was attempted to be taken during the succeeding, the December 1924, term. At that time no presumption yet attached that the motion for a new trial had been overruled. *Larson v. Long,* 73 Colo. 241, 214 Pac. 539. An appeal before a motion for a new trial is disposed of is premature, and the appellate court is without jurisdiction. There was no error in dismissing the appeal.

The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.