No. 14,080.

MARTIN *v.* BOWER.
(63 P. [2d] 510)

Decided February 1, 1937.

Mr. GEORGE D. PATRICK, for plaintiff in error.

Mr. FRANK MOBLEY, Mr. PAUL S. FRIES, for defendant in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

IN this proceeding the decision of the trial court was announced and judgment entered on the 22d day of October, 1936. By order of court the plaintiff in error was given ten days from the above date within which to file motion for new trial. The time for filing said motion

for new trial, therefore, expired on the second day of November, November first, the tenth day, being Sunday. Without securing any extension of time or entering into any stipulation with opposing counsel, plaintiff in error filed his motion for new trial on the fourth day of November, 1936. The trial court overruled the motion because it had been filed too late. The defendant in error has filed in this court a motion to dismiss the application for supersedeas—which we will consider as a motion to dismiss the proceedings on error—upon the ground that the plaintiff in error failed to file motion for new trial within the time or in the manner required by rule 8 of this court, and section 238 of the Code of Civil Procedure of 1921.

This court has uniformly held that the failure to file such motion within the time provided by section 238 of the Code or within the extended period fixed by the court for so doing, is fatal to the right of review. *Keenan v. Colorado Farm Lands Co.*, 65 Colo. 113, 173 Pac. 1140; *Clark v. Perry*, 17 Colo. 56, 28 Pac. 329; *Snider v. Ostrander*, 62 Colo. 99, 160 Pac. 195.

We do not overlook the fact that after the motion for new trial was filed, hearing on the motion was noticed by the plaintiff in error and that two continuances on the hearing of said motion were had upon agreement of counsel for the parties. These circumstances alone do not establish any waiver on the part of the defendant in error of objection to the filing of the motion after the expiration of the time fixed by the court for so doing, especially in view of the fact that upon the argument of the motion for new trial, counsel for the defendant in error objected to consideration of the motion because of the fact that it had not been filed in time, and the order of the court overruling the motion for new trial was based upon this ground.

It should further be borne in mind that a party who contends that objections to the filing of a motion for new trial have been waived, has the burden of showing waiver. *Colburn v. Ernst*, 75 Colo. 120, 223 Pac. 759.

So far as appears from the record the plaintiff in error made no attempt to show that any waiver in fact existed. The motion to dismiss the writ of error is sustained.

Mr. Chief Justice Burke and Mr. Justice Holland concur.